Daniel, J.
 

 The first question to be decided in this case
 
 *436
 
 ¡S) whether the proofs offered were in law sufficient to estab^le waY to *-le a highway or public road. We will begin by remarking, that the common law mode of creating and establishing a public highway, is not repealed by the first section of our road law, nor by any other act of Assembly. Six miles of the road had, for more than twenty years, been re-pitted to be, and had been used as a public road. This evidence was sufficient, in our opinion, to go to the jury for them to presume the fact, that the way had been dedicated to the public as a highway, by the proprietors of the land over which it ran. With respect to a claim of highway, in the words of Hale, C. J. “ much depends on common reputation.” 1 Yent. 189. And if the owner of land permit the public to pass and repass over his soil, and use it as a public highway, withont molestation, or any assertion of his rights for some time,
 
 the law will
 
 presume a dedication of the way to general use. Much discussion has arisen as to the period which must elapse, before such a dedication will be presumed. Woolrich on Ways, 9 to 14.
 
 Jarvis
 
 v. Deans, 3 Bingh. 447. We think, however, that twenty years user, under such circumstances as those stated in this case, will authorize a jury to presume a dedication. The two remaining miles of road were opened agreeably to law, with the single exception, that the jury did not assess damages to the proprietors, over whose lands the road run. This error, however, is not one of which the defendant can avail himself in this collateral way. The proprietors might complain, but third persons cannot. And
 
 non constat
 
 but that the proprietors may have abandoned their claims to damages, before the order confirming the report of the jury had been made by the Court.
 

 Secondly ;
 
 Was the defendant liable to be summoned to work on this road? The act declares, (Rev. St. c. 104, s. 10,) “ that it shall be the duty of the overseers of the public roads, to summon all white males between the ages of eighteen and forty-five, and free males of color, and slaves, between the ages of sixteen and fifty,
 
 within their districts,
 
 
 *437
 
 &c.” The Legislature has put the public roads, and the overseers'of the same, mainly under the supervision of the County Courts; and although the act has not said expressly how the overseers’ districts are to be laid off, or by whom
 
 they
 
 are to be established, yet it seems to us but fit and proper, and the Legislature must have so intended it, that the Courts which were entrusted with the general supervision of the highways, should be clothed with the power of laying out the overseers’ districts. Great disputes and disturb' anees in neighborhoods will be prevented by this construction of the act. The general, though not universal practice through the State, as we learn, has been in accordance with this opinion. The plaintiff was an overseer without hands; he should have made application to the County Court for a list of hands, or an assignment of a
 
 district.
 
 The defendant’s hands had never been assigned to that road; his lands were not comprehended by the Court in a district of the defendant, as overseer of the said road. We therefore are of the opinion, that the judge erred in his charge on this point of the case, and that there must be a new trial.
 

 Pee Cueiam, New trial awarded.