THE STATE v. RUFUS SMITH.

*Amendment— Warrant—Roads.*

1. A warrant against a person for failing to work the roads, which fails to allege that the defendant had been duly assigned, and was liable to work on that particular road, and that he had been properly summoned, is fatally defective.

2. *It seems,* that these defects might have been cured by amendment, upon application made in apt time.

(*State* v. *Vaughn,* 91 N. C., 532, and *State* v. *Crook,* Ibid., 536, cited).

CRIMINAL ACTION, tried before *Merrimon, Judge,* at July Term, 1887, of WAKE Superior Court.

The facts are stated in the opinion.

*The Attorney General,* for the State.
*Mr. J. C. L. Harris,* for the defendant.

MERRIMON, J.   The defendant was held to answer criminally, before a justice of the peace, for having failed to do service on a public road, as he was bound to do, under a State warrant, the material charging part of which is in these words: "That Rufus Smith failed to work the road on the 16th day of September, 1886, at and in the county aforesaid, as a hand, in Swift Creek township, on the old Haywood road, leading from Raleigh to Haywood, for one half day, against the peace and dignity of the State."

He was convicted and appealed to the Superior Court, and was there again convicted, and having asssigned errors, appealed to this Court.   In this Court, not in the Superior Court, he moved in arrest of judgment, assigning as ground of the motion that no criminal offence is charged against him, &c.

The motion in arrest of the judgment must be allowed. The warrant is not simply informal, it is as well fatally defective, in that it fails to charge the substance of the offence intended to be charged. It does not charge, in terms or informally in effect, that the defendant had been assigned and was liable to do labor on the road described, in very general terms, nor that he had been duly summoned, as prescribed by the statute, and unlawfully and wilfully refused to do such labor as he was bound to do, &c. The warrant must contain and embody proper averments as to these matters, so that the Court can see on the record that an offence, and what offence, is charged, and be able to determine what judgment may and ought to be given, and so also that the defendant can prepare to make defence, and in case of a subsequent prosecution can plead the judgment in his defence thereto.

It is scarcely to be expected that warrants and proceedings in the Courts of justices of the peace will be very precise and formal. They are to be upheld as far as this may be done consistently with right, and to this end very extensive powers to amend, not only as to matters of form, but substance as well, are conferred upon these Courts. But they cannot be upheld unless they contain in some way, to be seen, the essential substance of the matters to which they refer. When they fail in this respect, in apt time, application to the Court to allow proper amendments should be made, and the power should be freely but cautiously exercised. *State* v. *Vaughn*, 91 N. C., 532; *State* v. *Crook*, Ibid., 536.

No offence is charged in the warrant. It was not an offence for the defendant, nothing to the contrary being alleged, to fail to work "as a hand in Swift Creek township"— the substance of the material facts that made up his liability to do work "as a hand" should have been charged as well as proved.

It is unnecessary to advert to the errors assigned.    To the end that the judgment may be arrested, let this opinion be certified to the Superior Court.

Error.