THE STATE v. D. S. POOL.

*Amendment— Working Road— Warrant.*

In the affidavit and warrant against a person for failing or refusing to work upon a public road, it was alleged that the defendant was "summoned for more than three days before the 18th day of September, 1889, to appear and work the Keyser public road the 18th day of September, 1889, at 8 o'clock, A. M., * * * and that the defendant unlawfully failed to come or send a hand": *Held—*

1. The proceedings were fatally defective, in that they failed to set forth in what county the offence was committed; that the person summoning the defendant was overseer of that particular road; that the road was not sufficiently described; that the defendant was liable to work the public roads and had been assigned to that one, and that they did not negative the fact that defendant had paid the sum.

2. The Court had power to permit the proceedings to be amended to conform to the facts.

APPEAL from a Justice of the Peace, tried at Spring Term, 1890, of MOORE Superior Court, before *Bynum, J.*

The·defendant was held to answer criminally before a Justice of the Peace for having failed to do service on the public road. The affidavit and the State warrant founded upon it, taken together, charge that the overseer of the road mentioned summoned the defendant "for more than three days before the 18th day of September, 1889, to appear and work the Keyser public road on the 18th day of September, 1889, at 8 o'clock, A. M., and bring a shovel, and that the defendant unlawfully and wilfully failed to come himself or send a hand, contrary to," etc. Upon the plea of not guilty, there was a verdict of guilty. The defendant moved in arrest of judgment upon the ground that the warrant failed to charge sufficiently that he "was assigned to said road and was lia-

ble to work on said road." The Court denied the motion
and gave judgment against the defendant, who appealed.

*The Attorney General,* for the State.
No counsel *contra.*

MERRIMON, C. J.—after stating the case: Criminal and·
other proceedings before Justices of the Peace should be
upheld when they embody the essential substance of the
matter to which they relate, however informal and disor-
derly they may be; and when they are defective in form or
substance, Courts having authority to do so, should freely,
but cautiously, exercise their large powers to amend the
same, if sufficient facts appear by which to amend. Fair
opportunity should be allowed the defendant to complete his
defence.	*The Code,* § 908; *State* v. *Smith,* 98 N. C., 747;
*State* v. *Smith,* 103 N. C., 410.

But especially in actions charging criminal offences, the
offence must be charged with sufficient certainty and full-
ness to enable the Court to see that an offence, as intended,
is charged. When the charge is defective in form or sub-
stance, as indicated above, if the evidence satisfies the Court
that the offence was probably committed, it should at once,
in its discretion, allow or direct proper amendments to be
made, giving the defendant reasonable opportunity to make
his defence.

The charge in the warrant in this case is fatally defective
in substance. It is not charged that the offence was com-
mitted in the county of Moore, nor that the prosecutor was
overseer of the road and had authority as such; nor is the
road described with reasonable certainty as a public road;
nor is it charged, except very imperfectly, that the defend-
ant was assigned and liable to do duty on the road; nor that
the defendant was notified, as required by the statute (*The
Code,* § 2019), to attend at a place designated at the time

specified to do service; nor is there any clause in the charge negativing the payment of one dollar in discharge of the defendant's liability to do labor on the day specified. Such defects might have been helped or cured by proper amendments, but they were not asked for or made. It is true the motion of defendant in arrest of judgment was based on the ground that it was not charged that he was assigned to duty, etc., and the Court allowed an amendment—probably in the last named respect, but, so far as appears, no amendment was in fact made; nor was any amendment asked for or allowed in other material respects indicated.

The time when a person is required to do service on public roads is a material part of the notice—it is made so by the express provision of the statute prescribing what the notice shall be.

And so, also, it is necessary in the charge to negative the payment of one dollar for the defendant, in discharge of his liability to do service on the day specified in the notice, because the statute creating the offence (*The Code*, § 2020) prescribes that the failure of the party charged to attend and work shall be an offence, "unless he shall have paid the one dollar as aforesaid," etc. The exceptive provision is in and part of the clause of the statute creating the offence, and, in such cases, it is necessary to negative such payment. *State* v. *Norman*, 2 Dev., 222; *State* v. *Tomlinson*, 77 N. C., 528; *State* v. *Narrows Island Club*, 100 N. C., 477; Arch. Cr. Pl., 25.

There is error. The judgment must be set aside and judgment arrested, and the action dismissed, unless the Court shall allow the warrant to be properly amended, in which case there will be a new trial.

Error.