THE STATE v. JOHN W. NEAL.

*Highway—Failure to Work—Warrant—Negative Averments.*

The warrant against one for refusing to work on a public road must negative the payment of one dollar in discharge of the defendant's liability.

This was a CRIMINAL ACTION for failure to work on a public road, tried on appeal from a Justice of the Peace, before *Winston, J.,* at August Term, 1891, of ORANGE Superior Court. The facts are sufficiently stated in the opinion.

*The Attorney General,* for the State.
*Mr. W. A. Guthrie,* for defendant.

SHEPHERD, J.: The warrant simply charges that the defendant "wilfully refused to attend and work on the public road after being lawfully warned, contrary to the form of the statute," etc.

STATE v. LUMBER COMPANY.

There is nothing to negative the payment of one dollar in discharge of the defendant's liability to perform the labor required of him. No amendment was asked at any stage of the trial, either before or after verdict, and upon conviction the defendant moved in arrest of judgment.

It is expressly decided that the motion should have been allowed. State v. Pool, 106 N. C., 698 ; State v. Baker, 106 N. C., 758. The insufficiency of the warrant was not, we presume, called to the attention of his Honor, the argument before him being addressed to the constitutionality of the act under which the defendant was prosecuted.

Error.