STATE v. GEORGE GREEN.

(Filed 23 December, 1909.)

**Indictment—Definiteness—Failure to Work Road—Proof—Motion in Arrest.**

In this case the motion in arrest of judgment should have been allowed, the warrant being fatally defective in failing to allege that defendant was assigned to work the road, for the failure of which he was tried and convicted, and the prosecution failing to negative the payment of one dollar allowed by law in lieu of service. *State v. Lunsford,* 150 N. C., 862; *State v. Neal,* 109 N. C., 858, cited and approved.

APPEAL from *Cooke, J.,* January Term, 1909, of FRANKLIN.

Criminal prosecution for failure to work the public roads, heard on appeal from a justice's court.

The facts are stated in the opinion.

*Attorney-General* and *George L. Jones* for the State.
Defendant not represented in this Court.

HOKE, J. We have recently held, in *State v. Lunsford,* 150 N. C., 862, that in every criminal prosecution, whether by indictment or warrant, or warrant taken in connection with the affidavit, the charge must be so stated as to show that a crime has been committed, and same must be described with sufficient certainty to inform the defendant of the nature of the accusation against him, and to enable the court to proceed to judgment in case of conviction.

In the present case, and under several decisions of the Court, the warrant is fatally defective in failing to allege that defendant was assigned to work the road described and failing to negative the payment of the one dollar allowed by the law in lieu of service. *State v. Neal,* 109 N. C., 859; *State v. Baker,* 106 N. C., 758; *State v. Pool,* 106 N. C., 698; *State v. Smith,* 98 N. C., 747. The motion of defendant, therefore, must be allowed and judgment against him arrested. Let this be certified.