STATE v. ALEX., BENTON, AND LEONARD THOMAS.

(Filed 25 September, 1914.)

**1. Criminal Law—Work on Road—Indictment, Sufficient—Statutes.**

A warrant charging the statutory offense for failure to work the public roads is sufficient to sustain a conviction which substantially follows the statute, and a motion in arrest of judgment upon the ground of the insufficiency of the warrant will be denied when it charges that the defendant did, on or about a certain date, in a certain county, unlawfully and willfully fail to work a certain public road on which he was due road service. after he had legal warning from the overseer, and without tendering the overseer of the road the sum of one dollar. *S. v. Moore,* 166 N. C., 288, cited and applied.

2. Criminal Law—Work on Road—Statutes—Indictment—Matters of Defense.

It is not necessary for a warrant under the statute for the unlawful failure to work a public road to charge that the defendant was an able-bodied man between the ages of 18 and 45 years, for this is a matter of defense.

3. Criminal Law—Work on Roads—Defense—Certificates of Performance—Trial—Evidence—Questions for Jury.

Where upon trial for unlawfully failing to work the roads a defendant pleads not guilty, and introduces a certificate that he had performed this service from August, 1913, to August, 1914, and the evidence on the part of the State tended to prove that the defendant was notified to work in August, 1914, a conflict of evidence on the material fact arises as to whether the certificate covered the time when the defendant was notified to work; and a request that the court charge the jury that they return a verdict of not guilty upon the whole evidence is properly refused.

4. Criminal Law — Work on Road—Overseer—Notice—Agreements—Admissions—Trials.

The defendant being tried for unlawfully failing to work on the public road under a sufficient indictment, a witness testified, without objection, that he was overseer of that section, and it is held that it was competent for him to further testify that the defendant lived on that particular road, and that upon giving him the notice required, and telling him of the day appointed and where to go, he had agreed to do so, the agreement of defendant being in the nature of an admission that the service was due by him.

APPEAL by defendants from *Lane, J.,* at September Term, 1914, of ANSON.

The defendants were convicted in the Superior Court, upon appeal from a justice of the peace, for failure to work the roads, three cases being consolidated by consent.

The warrants were the same in each case, except as to name of defendant, and were as follows:

*To the Sheriff or other lawful officer of Anson County—Greeting:*

Whereas complaint has been made to me this day on the oath of A. J. Johnson, setting forth that Benton Thomas did on or about August, 1914, with force and arms, at and in the county aforesaid, unlawfully and willfully fail to work the public road on which he was due road service, after having had legal warning by the overseer, A. J. Johnson, contrary to the statute made and provided and against the peace and dignity of the State:

These are, therefore, to command you to forthwith apprehend the said Benton Thomas and him have before me at my office in Lanesboro Township, at Peachland, N. C., on 14 August, 1914, at 11 o'clock a. m., then and there to answer the charge and be dealt with according to law.

Given under my hand and seal, 12 August, 1914.

                                        H. M. BAUCOM, J. P.

The warrants were amended by adding thereto, "and without tendering to the overseer of said road the sum of $1," and the material parts of the statute under which the warrants were issued are as follows: "That all able-bodied male persons between the age of 18 and 45 years shall be required annually to perform six days labor on the public roads under the direction and control of a superintendent or overseer of the section to which he is assigned: *Provided,* that any such person may be discharged upon payment to the superintendent of the road section wherever he may reside $1 per day previous to the time set for work. The same shall be received in lieu of labor. . . . The notice shall be at least two days before the day named for the work, and shall state the place and the hour of the meeting of the hands and what implement the hands shall bring with them. . . . Any person liable to work on the road, being personally warned by the superintendent or by leaving a written notice at his usual abode, shall refuse or neglect, having had at least two days notice, to attend by himself or an able-bodied substitute acceptable by the superintendent or overseer, with such tool as the superintendent may direct . . . and also be guilty of a misdemeanor and fined not exceeding $5. . . . That in case any person shall remove from one district to another, who has prior to such removal performed the whole or any part of the labor aforesaid, or in any other way the whole or any part of the amount aforesaid in lieu of such labor, and shall produce a certificate of the same from the overseer or superintendent of the proper district, such certificate shall be a complete discharge for the amount herein specified."

The evidence on the part of the State tended to prove that the defendants lived on the road described in the warrant; that they moved to that place from another township in December, 1913; that they were notified to work on the road on which they lived in March, 1914, when they produced a certificate from the overseer of the township from which they had removed that they had performed their road service from August, 1913, to August, 1914; that they were again notified to work the road in August, 1914, and agreed to do so, but failed to work, or to pay any sum of money, or to provide a substitute.

There was also evidence tending to prove that the certificate covered the time when the defendants were last notified to work the roads.

The defendants requested his Honor to instruct the jury, if they believed the evidence, to return a verdict of not guilty, which was refused, and they excepted.

There was a motion in arrest of judgment, which was overruled, and the defendants excepted.

There was a verdict of guilty, and from the judgment pronounced thereon the defendants appealed.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*Redwine & Sikes for the defendants.*

ALLEN, J.   The warrant substantially follows the statute, and this has been held sufficient in a charge for failure to work the public roads. *S. v. Covington,* 125 N. C., 642.

It notifies the defendant that the accusation against him is a failure to work a particular road in August, 1914, upon which he was due road service, after legal warning by the overseer, and falls within the principle declared in *S. v. Moore,* 166 N. C., 288, that "Criminal accusations, whether in the form of warrants or indictments, must fix and determine the identity of the offense with such particularity as to enable the accused to know exactly what he has to meet, and to avail himself of the conviction or acquittal as a bar to a further prosecution arising out of the same facts, and when these requirements are met, the rights of the accused are properly and sufficiently safeguarded."

The cases relied on by the defendant can easily be distinguished from this.

In *Smith's case,* 98 N. C., 747, the warrant did not charge in terms or informally that the defendant had been assigned and was liable to road duty on the road described, nor that he had been duly summoned as prescribed by statute.   The conclusion reached by the Court was that a warrant that simply charged that "the defendant failed to work as a hand in Swift Creek Township" did not charge a criminal offense.

*Woodard v. McCullough,* 23 N. C., 432, was a civil action for the recovery of a penalty, and the Court decided that there was no evidence that the lands of the defendant were in any district assigned to the overseer.

In the case at bar there is evidence that the defendant lived on the section of the road of which Johnson was overseer, and that he (Johnson) had charge of the lands on which the defendant lived.

In *Woodley's case,* 47 N. C., 276, the defendant was indicted for violating a statute against concealing and transporting slaves.

In *Pool's case,* 106 N. C., 698, the warrant did not specify in what county the offense was committed, nor was the road described with reasonable certainty; neither did it appear in the warrant that the prosecutor was the overseer of the road, nor that the defendant was assigned and was liable for duty, nor that the defendant had not paid the $1.

In *Green's case,* 151 N. C., 729, the warrant failed to allege that the defendant was assigned to and was liable to work the particular road.

It is not necessary to charge that the defendant was an able-bodied man between the ages of 18 and 45.   These are matters of defense. *S. v. Smith,* 157 N. C., 587; *S. v. Yoder,* 132 N. C., 1111.

The contention principally relied on by the defendant, under the exception to the refusal to charge the jury to return a verdict of not guilty upon the whole evidence, is that the evidence on the part of the State shows that the defendants produced certificates that they had performed their road service.

The difficulty about this position is that there is a conflict of evidence on the material fact whether the certificate covered the time when the defendants were notified to work, and we must assume that this question was fairly submitted to the jury, as the charge is not a part of the record.

The evidence on the part of the State tended to prove that the defendants were notified to work in August, 1914, and that the certificate was for work from August, 1913, to August, 1914.

The other grounds of the exception are not tenable. The witness Johnson testified, without objection, that he was overseer of Section 11, and it was competent for him to say that the defendants lived on that road.

He also testified that he gave to the defendants two or three days notice, and that he told them a certain day to come, and where, and that they agreed to do so, and this agreement to work, without objection, is some evidence, in the nature of an admission, that they were liable for the road service demanded of them.

We have carefully considered the exceptions, and find no error in the trial.