## THE STATE OF WISCONSIN

*vs.*

## LEANDER MOREY.

An indictment for larceny should describe the property alleged to have been stolen, with reasonable certainty.

An indictment, in which the defendant is charged with stealing "one hundred pounds of meat," without any designation or description thereof, held bad for uncertainty.

The term "meat," in its general signification, includes all kinds of provision fit for the sustenance of man, and is not sufficiently descriptive, in an indictment of the property alleged to have been stolen.

The general rule is, that the testimony of the owner (if known) of the property alleged to have been stolen, is necessary to prove the fact of non-consent.

The defendant was indicted at the October term of the Racine Circuit Court, for larceny.

The indictment contains but one count, charging the defendant with having stolen "one hundred pounds of meat," of the value of fifteen dollars. Plea of defendant—not guilty. The defendant's counsel had previously made a motion to quash the indictment, on the ground that it did not state, with sufficient certainty, the *kind* of property alleged to have been stolen, which motion had been overruled, and a trial had upon the issue joined.

The counsel for the defendant requested, among other things, that the judge should charge the jury, that the term "meat," in the indictment, is too general; the proof showing that the articles alleged to have been stolen were hams, shoulders, jowls, and dried beef, and that the proof does not sustain the indictment. The court refused so to charge the jury, and the defendant excepted. The jury found a verdict of

guilty, whereupon defendant moved in arrest of judg- <sub>DEC. TERM 1858.</sub>
ment, which motion was overruled, and the case is
brought to this court upon the report of the judge of <sub>The State vs. Morey.</sub>
the circuit court, pursuant to the statute.

*By the Court*, WHITON, C. J.   This case comes here
on the report of the judge of the circuit court for the
county of Racine, pursuant to chapter one hundred
and forty-nine of the Revised Statutes. From this
report, and from the record sent up by the clerk, it
appears that the defendant was indicted for larceny.
The indictment charges the larceny to have been com-
mitted in the city and county of Racine, and that the
property stolen consisted of "one hundred pounds of
meat" belonging to one Hugh Gaston.

It is insisted by the counsel for the defendant that
the indictment is bad, for the reason that the proper-
ty alleged to have been stolen is not described with
sufficient certainty; that the term "meat" includes in
its general signification, all kinds of provision fit for
the sustenance of man, and is not sufficiently descrip-
tive of the property alleged to have been stolen.

We think this position well taken. In an indict-
ment for larceny, the property which is alleged to have
been stolen, should be described with reasonable cer-
tainty; and a charge of stealing meat, which applies
not only to the flesh of all animals used for food, but
in a general sense to all kinds of provisions, is too
vague and uncertain.

It further appears from the report of the Judge,
that after the evidence had been heard, he was re-
quested by the prisoner's counsel to instruct the jury
"that the non-consent of the owner must be proved

by the owner, when his name is known;" which instruction the judge refused. We understand the request to be, that the judge would instruct the jury that the testimony of the owner of the property, if known, was necessary to prove that the meat alleged to have been stolen was not taken by the defendant with the owner's consent. If this is correct, the instruction asked for should have been given. None of the witnesses saw the defendant take the property, but some of the meat was found in the possession of a person to whom it had been sold by the defendant, and other portions of it were found buried in the sand near the house of the defendant's father. No circumstance is reported by the judge, which shows that the testimony of the owner could not have been obtained; on the contrary, he was sworn and testified as a witness on the part of the prosecution. In cases like the present, the general rule undoubtedly is, that the testimony of the owner of the property is indispensable. *Rex. vs. Rogers*, 2 *Campb.*, 654. Other evidence is secondary in degree. *Williams vs. East India Co.*, 3 *East's*, 192; 3 *Cow. & Hill's Notes*, 477, and the cases there cited. But upon looking into the testimony reported by the judge, we think the fact in question was established by the proper witnesses. Gaston testified that some one broke open a smoke house, and stole the property; he further testified that one Wusterm had the care of the smoke house, and Wusterm testified that the property was stolen. The testimony of these witnesses establishes the fact of the felonious taking of the property; one of them being the owner, and the other the person who had the possession.

The refusal of the judge to give the instruction

asked for could not, therefore, have prejudiced the defendant, and we should not, for this cause, have arrested the judgment. But the objection to the indictment is insurmountable.

Dec. Term
1853.

The State
vs.
Morey.

. The judgment must be arrested.