COMMONWEALTH *vs.* L. H. CHASE.

Suffolk.    June 25. — July 2, 1878.    COLT & SOULE, JJ., absent.

An indictment under the Gen. Sts. c. 166, § 3, which charges the defendant with unlawfully and fraudulently adulterating " a certain substance intended for food, to wit, one pound of confectionery," does not sufficiently describe the substance alleged to have been adulterated, and, if seasonably objected to for that cause, must be quashed.

INDICTMENT on the Gen. Sts. *c.* 166, § 3, alleging that the defendant on April 4, 1877, at Boston, " unlawfully and fraudulently did adulterate a certain substance intended for food, to wit, one pound of confectionery, with a certain substance injurious to health, to wit, with a certain substance called chromate of lead, with the intent of him, said Chase, and for the purpose then and there of selling for food said confectionery so adulterated as aforesaid, he said Chase then and there well knowing said chromate of lead to be injurious to health as aforesaid."

In the Superior Court, before the jury were empanelled, the defendant filed a motion to quash the indictment, because " the offence is not sufficiently set out in the indictment, the word ' confectionery ' being a general term, and not sufficiently specific in not stating the kind of confectionery to enable the defendant to meet the case that might be proved under so general a term as that of the word ' confectionery.' " *Gardner*, J., overruled the motion, and the defendant was tried and found guilty, and alleged exceptions.

*T. Weston, Jr.*, for the defendant.

*W. C. Loring*, Assistant Attorney General, ( *C. R. Train*, Attorney General, with him,) for the Commonwealth.

GRAY, C. J. The word " confectionery " is a generic word, which includes a great variety of kinds of articles usually sold in a confectioner's shop, and does not describe the substance, which the defendant is charged with adulterating, with the precision and certainty that the Constitution of the Commonwealth and the rules of criminal pleading require. Declaration of Rights, art. 12. *Commonwealth* v. *Maxwell*, 2 Pick. 139, 143. *State* v. *Morey*, 2 Wis. 494. *Rex* v. *Chalkley*, Russ. & Ry. 258. Archb. Crim. Pl. (18th ed.) 63. The objection, having been duly taken by motion to quash before the jury were empanelled, is rightly before us on the bill of exceptions. St. 1864, *c.* 250, § 2. *Commonwealth* v. *McGovern*, 10 Allen, 193. The exceptions must therefore be sustained and the *Indictment quashed.*