## STATE v. OAKLEY.

INDICTMENT: *For larceny; Description of property.*

An indictment for larceny which describes the property charged to have been stolen, as "two ten dollar bills of United States currency," is bad for the vagueness and uncertainty of the description.

APPEAL from *Dallas* Circuit Court.

C. D. WOOD, Judge.

*Dan. W. Jones*, Attorney General, for state.

This court in the case of *State v. Parker*, 34 Ark., 158,

held that "twenty-five cords of wood" was a sufficient description of the subject of the larceny.

For the same reasons given in that case the description of the money in this indictment must be held sufficient.

No substantial right of the appellee on the merits was, or could be, prejudiced by the failure of the pleader to describe the money as greenbacks, national currency, or gold or silver certificates, all of them being of United States currency, equal in value and passing indiscriminately as money.

The usual acceptation, in common parlance of the words, "two ten dollar bills of United States currency" is well understood to be current paper money of the United States, and not gold or silver. Hence, we conclude the indictment is sufficiently certain, when measured by Mansfield's Digest, secs. 2107, 2120.

The supreme court of North Carolina held the following description to be sufficient, to-wit: "One twenty dollar bank note on the Bank of North Carolina, of the value of twenty dollars." *State v. Rout*, 3 Hawk's, 618. And the supreme court of Tennessee held that "ten five dollar bank bills of the value of five dollars each," was a sufficient description. *Ryland v. The State*, 4 Sneed, 357.

In Mass. "divers promissory notes of the amount and value in all of $6.00," and "divers coins of the United States current as money in said commonwealth, of the amount and of the value in all of $3.00," were held to be sufficient descriptions of the money stolen. *Com. v. Collins*, 138 Mass., 483; also see *State v. Logan*, 1 Mo., 532; *State v. King*, 31 La., Ann. 179; *State v. Carter*, 33 La., Ann. 1214; *Com. v. Gallagher*, 16 Gray, 240; *McKane v. State*, 11 Ind., 195.

*R. C. Fuller*, for appellee.

The money alleged to have been stolen was not sufficiently described in kind.

The code requires every material fact necessary to constitute a public offence to be alleged in an indictment. "It dispenses with form and requires substance only. What is now substance at common law is substance under the code," etc. *Barton v. State*, 29 Ark., 70.

The indictment must set forth the kind of United States currency stolen, otherwise it would be no bar to a subsequent indictment for the same offence. *State v. Thompson*, 42 Ark., 518; Russell on Crime, 2 vol., p. 185; Bishop's Criminal Proccedure, vol. 2, sec. 320.

The failure to describe the United States currency stolen was fatal, and the court below committed no error in sustaining the demurrer. *State v. Ward*, 48 Ark., 36, and authorities there cited.

BATTLE, J.

Appellee was indicted in the Dallas circuit court for larceny. The property charged to be stolen is described in the indictment as "two ten dollar bills of United States currency." Is this description sufficient?

In an indictment for larceny, as a general rule, the property taken should be described specifically by the name usually appropriated to it, to distinguish it from other property, or by a description sufficient to show the particular kind or species of property alleged to be stolen. It has been adjudged that the description of property stolen, as "one pound of meat," was insufficient, because the term meat "applies not only to the flesh of all animals used for food, but in a general sense, to all kinds of provisions." For a like reason the de-

·scription, "two ten dollar bills in United States currency," in this case is too indefinite. For United States currency in·cludes the gold and silver coin of the United States, the notes issued by the banks organized under the laws of the United States, the treasury notes, commonly known as greenbacks, and the certificates of deposit, generally called gold and silver certificates, issued by the United States. While it is certain that the property charged to be stolen is not gold or silver, it cannot be ascertained from the indictment what is meant, further than it was paper currency of the United States. The indictment is not aided by the statute. For no where is the stealing of United States currency *eo nomine*, declared by the statutes of this state to be a public offence. The description is too general, too broad, and too vague and uncertain, and is fatally defective. *Leftwich v. Com.*, 20 Grat., 716, 720; *Boyle v. State*, 37 Texas, 360; *Martinez v. State*, 41 Texas, 164; *Merrill v. State*, 45 Miss., 651; *Barton v. State*, 29 Ark., 68; *State v. Ward*, 48 Ark.. 36; *State v. Longbottom*, 11 Humph., 39; *State v. Morey*, 2 Wis., 494; 2 Bishop on Criminal Proccedure, (3rd ed.), secs. 700, 705, 731, 732.

Judgment affirmed.