*In re* APPEAL OF THE COLLECTOR OF CUSTOMS. FROM THE DECISION OF THE BOARD OF GENERAL APPRAISERS as to the classification and the rate and amount of duty on certain merchandise imported. by Y. TAKAKUWA and S. OZAKI.

September 6, 1905.

*Construction.—Confectionery:* Confectionery or a confection, is usually a combination of substances like fruits, roots or nuts with sugar or syrup, or the result of a special treatment or manipulation of sugar or syrup by which forms of candy are produced.

*Mizuame.—Confectionery:* Mizuame as a product of a certain treatment of malt, millet and rice, compared with cane sugar as the product of sugar cane or beets, and held not to be confectionery.

*Statutes Providing for Duties on Imports.—Construction of:* Statutes providing for duties on imports are liberally construed in favor of importers.

Appeal Under Section 15, Customs Administrative Act of June 10, 1890, (26 Stat. L., 131).

J. J. Dunne, Ass't. U. S. District Attorney for Appellant.

Lorrin Andrews and Wm. S. Fleming, Attorneys for Appellees.

DOLE, J. These cases came before me on an appeal by the Collector of Customs for the Collection District of Hawaii and the port of Honolulu, from the decision of the Board of General Appraisers at the port of New York, which Board reviewed and reversed the decision of the appellant previously made as to the classification and rate of duty chargeable on a certain substance known as mizuame. It was understood that these two cases should be considered together.

The collector classified this substance as "confectionery" under paragraph 212 of the Tariff Act of July 24, 1897, and rated duty upon it at four cents a pound and fifteen per cent. *ad valorem,* according to the provisions of said paragraph. The owners and importers were dissatisfied with such classification

and rate and appealed therefrom to the Board of General Appraisers, claiming that mizuame is an unenumerated manufactured article not provided for in the Tariff Act of 1897 and as such was properly dutiable under Section 6 of the said Tariff Act at the rate of twenty *per centum ad valorem,* or as glucose under paragraph 210 of said Act at the rate of one and one-half cents per pound. The provisions of paragraph 212, so far as they apply to this issue, are as follows:

"Sugar candy and all confectionery not specially provided for in this Act, valued at fifteen cents per pound or less, * * * four cents per pound, and fifteen *per centum ad valorem.*"

The provisions of Section 6, which are applicable to this issue, are as follows:

"That there shall be levied, collected, and paid on the importation of * * * all articles manufactured, in whole or in part, not provided for in this Act, a duty of twenty *per centum ad valorem.*"

The provisions of paragraph 210, applicable to this issue, are as follows: "Glucose or grape sugar, one and one-half cents per pound."

The Board of General Appraisers received considerable testimony, verbal and written, relating to the character of mizuame, which shows that it is a sweet, heavy syrup, analyzed as containing 37.6 per cent. of glucose; 38.59 per cent. of vegetable matter convertible into glucose; 13.7 per cent. of water; .32 per cent. acidity; 9.89 per cent. unfermentable carbohydrates, with a little albumenoids. It is made from Italian millet, rice, and barley malt, by a process of partial cooking and fermentation. It has various uses; "in house keeping it often takes the place of sugar, is of service in dyeing, is recommended for invalids,—although its medicinal value is not rated high,—and it is used extensively in making candy and confectionery." Although the evidence shows that it is recommended as a strengthening food for invalids and children, its general use appears to be in connection with the manufacture of confectionery.

Counsel for appellant contends that confectionery is a broad and comprehensive term and the fact that in the statutes the word "all," another comprehensive word, precedes it, thus giving it as wide an application as possible, the word therefore must include mizuame as a sweet substance used for consumption to some extent as recognized confections are used, and referring to the description of the word "confectionery" in the case of *Commonwealth v. Chase,* 125 Mass., 202, 203, as follows:

"The word 'confectionery' is a generic word, which includes a great variety of kinds of articles usually sold in a confectioner's shop."

Although this description is a good one, yet it does not follow that everything sold in a confectioner's shop is confectionery.

Webster's Dictionary describes *confectionery* as "sweet-meats in general; things prepared and sold by a confectioner; confections; candies"; and *confection* as "a composition of different materials; a mixture; * * * a preparation of fruit with sugar; a confect." The latter word is described as "a preparation of fruits, roots and the like, with sugar." *Candy* is described in the Century Dictionary as "a solid preparation or confection of sugar or molasses, or both, boiled, * * *; hence any confection having sugar as its basis, however prepared"; and *confection* (verb) as, "to prepare for use with sugar or syrup; compound."

From these definitions it would appear that a confection or confectionery is either a complex substance in which other things, such as fruits, roots or nuts, are combined with sugar or syrup, or that it is the result of a treatment or manipulation of sugar or molasses by which it becomes what is usually known as candy.

Evidently cane sugar in its natural state is not a confection, although as it comes from the centrifugals of a sugar mill before it is refined, it is composed of various substances, such as cane sugar, glucose, treacle or fruit sugar and several organic

and mineral substances including lime.   In like manner mizu-ame is a production from malt, millet and rice and cannot, I think, be called a confection or confectionery any more than cane sugar might be so called, even if the latter was produced from a combination of the juices of its several sugar producing plants, such as sugar-cane, beets, etc., although equally with sugar, it may be and is used for making confectionery.

Although the evidence before the Board of Appraisers was not wholly harmonious, yet there is no part of it which may be inconsistent with their decision, which is of a sufficiently definite character, to justify a reversal thereof.   Moreover, it is the sentiment of the United States courts, as shown by many authorities, that statutes providing for duties "should be liber-"ally construed in favor of the importer and if there were any "fair doubt as to the true construction of the provision in ques-"tion, the courts should resolve the doubt in his favor."   *Benziger v. United States,* 192 U. S., 38, 55.   Also Revenue Statutes, including those fixing duties on imports, "are neither "remedial laws nor laws founded upon any permanent public "policy, and should be construed most strongly against the gov-"ernment; for burdens should not be imposed on the taxpayer, "beyond what such statutes expressly and clearly import."   *Rice et al v. United States,* 53 Fed. Rep., 910.   This policy is supported by many cases.

I do not find any ground for reversing the decisions of the Board of General Appraisers in these cases, and therefore affirm them.