## GARDNER v. STATE OF INDIANA.

[No. 22,714. Filed March 25, 1915.]

1. FOOD.—*Unwholesome "Meat".*—*Statutory Provisions.*—*Indict-ment.*—*Sufficiency.*—Under §2444 Burns 1914, Acts 1905 p. 584, §538, prohibiting the sale or exposure for sale of "any kind of diseased, corrupted or unwholesome provisions, whether for meat or drink," an indictment charging the accused with unlawfully having in his possession with intent to sell, and exposing for sale, "corrupted and unwholesome provisions for human food, to wit, meat", was not uncertain by reason of the use of the word "meat" without further words of limitation and description, since the word meat, though perhaps comprehensive enough to include food other than the flesh of animals, under the usual interpretation means animal flesh. p. 101.

2. FOOD.—*Unwholesome Food.*—*Knowledge of Accused.*—*Evidence.*—In a prosecution for keeping and exposing for sale certain unwholesome meat, evidence showing that the carcass of a cow was brought into defendant's plant and a portion of it was made into minced or pressed ham, and that after receiving the protest of the meat inspector the defendant directed the dressing of the carcass in the usual manner of dressing beef, and part of it was thereafter made into minced ham, was sufficient to warrant the jury in finding that defendant knowingly had the meat in his possession with intent to sell the same for human food. p. 103.

From Criminal Court of Marion County (42,699) ; *Major Downing,* Special Judge.

Prosecution by the State of Indiana against Charles J. Gardner. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Clarence W. Means, Lueppo D. Buenting, Joseph B. Keal-ing* and *Martin M. Hugg,* for appellant.

*Richard M. Milburn,* Attorney-General, *Horace M. Kean, Leslie R. Naftzger, Omer S. Jackson, Michael A. Sweeney* and *Wilbur T. Gruber,* for the State.

SPENCER, J.—Appellant, a packing house operator in the city of Indianapolis, was tried and convicted on an indictment charging him with a violation of §2444 Burns 1914, Acts 1905 p. 584, §538, which provides

that "Whoever knowingly sells, or has in his possession with intent to sell, or exposes for sale, any kind of diseased, corrupted or unwholesome provisions, whether for meat or drink, * * * shall, on conviction, be fined," etc. The indictment, to which a motion to quash was overruled, charged that appellant "on the 11th day of March, A. D., 1914, at and in the County of Marion, and State aforesaid, did then and there unlawfully and knowingly have in his possession with intent to sell and did expose for sale diseased, corrupted and unwholesome provisions for human food, to wit, meat. Contrary to the form of the statute," etc. It is earnestly contended by appellant that the facts thus stated do not constitute a public offense or at least do not state such offense with sufficient certainty. The specific objection urged is that the use therein of the generic term "meat", without further words of limitation or description, renders the indictment void for uncertainty, since that term includes vegetables, bread, fish and all other solid foods. It is true that the word "meat", in one sense, is comprehensive enough to include foods other than the flesh of animals but in the statute under consideration, the context clearly requires its construction in the sense of "eating". The offense there defined is the sale, intent to sell, or exposure for sale of any kind of diseased, corrupted or unwholesome provisions, whether for *eating* or *drinking*. The indictment charges appellant with the commission of such offense by having in his possession with intent to sell certain unwholesome provisions, to wit, meat. We see nothing in the language of the statute which requires that the word thus used in the indictment should receive other than its usual interpretation, which, to adopt the definition given in the Standard Dictionary, is "the flesh of vertebrate animals used as food, sometimes limited colloquially to the flesh of mammals, as opposed to poultry, game, fish, frogs, turtles, and the like." Thus construed the indictment charges appellant

with having in his possession with intent to sell certain diseased or unwholesome provisions, to wit, animal flesh. There is no contention made that the indictment should further specify the kind of animal flesh and we hold that there was no error in overruling the motion to quash.

It is further insisted that the court erred in overruling appellant's motion for a new trial for the reason that the evidence failed to show that appellant knowingly had in his possession the meat alleged to have been in his possession with intent to sell the same for human food. The defense was that appellant purchased the carcass of a cow for the purpose of getting its hide and of using the remainder for fertilizer and it is now insisted that there is an entire failure of evidence showing or tending to show that he directed or knew of its use for any other purpose. An extended review in this opinion of the testimony given at the trial can serve no good purpose and we deem it sufficient to say that the record contains evidence from which the jury was justified in finding that after the dead cow was brought to appellant's plant its flesh, or a large portion thereof, was boned, pickled, ground and made up into minced or pressed ham. The evidence further shows that the meat inspector for the city of Indianapolis found the dead animal on the floor of appellant's killing room and protested to appellant personally; that the latter agreed to tank the carcass for fertilizer as soon as possible; that he not only failed to do so but actually directed one of his employes ''to dress it up in the usual manner''; that the beef later went into the cooling room and a part of it, at least, was made up into minced ham. The evidence fully justifies the jury in finding that appellant must have had knowledge of these facts and for the reasons herein asserted the judgment of conviction should not be disturbed.

Judgment affirmed.

NOTE.—Reported in 108 N. E. 230. As to liability of persons for selling noxious and unsound food, see 73 Am. Dec. 165. As to what is embraced within the term "food", see Ann. Cas. 1913 E 1292. See, also, under (1) 19 Cyc. 1099, 1098; (2) 19 Cyc. 1100.