The question has been asked: What form of verdict can be given in such a case? We feel that our statutes allowing special verdicts will amply take care of this situation.

Taking these views, the motion and demurrer will be overruled.

Court of Common Pleas for Hamilton County.

ALBERT H. SHEFF V. ADA M. SLEET, ET AL.

Decided December 3, 1930.

Charles Rodner, attorney for plaintiff.

Brown, Beinhart & Shiff, attorneys for Ada M. Sleet.

Paxton & Seasongood, attorneys for Bohache.

MACK, J.

Facts essential to the determination of this controversy are as follows:

Defendant, Ada M. Sleet on and prior to April 1, 1929, was and still is the owner of real estate in Pleasant Ridge, known as part of Lot 3, John Burgoyne's, Jr., subdivision, at that time improved by the erection of two stores known as Nos. 5560 and 5562 Montgomery Road. At said time the plaintiff Albert H. Sheff was conducting elsewhere what is known as a butcher shop or meat store and desired to locate an additional such shop or store at Pleasant Ridge. Negotiations were had with Ada M. Sleet and as the result the store No. 5562 was leased to Sheff for the term of one year from April 1, 1929, with the option of renewing the same for a further term of four years. The lease was prepared by Charles Rodner, attorney for Sheff and described the said store room as being within such part of the lot described by meetes and bounds. Said lease as prepared by such attorney contained the following provision:

"Lessor further agrees not to rent or lease any other part of the premises described for a meat store or market store; and that the lessee is assured he shall have the exclusive right to sell and deal in meats and incident products thereto in said premises."

Ada M. Sleet objected to the restriction with relation to exclusive rights and as the result thereof the words "and incident products thereto" were stricken from the lease, and the lease then executed, and left for record with the Recorder on March 12, 1929. Same has been duly recorded in Lease Book 202, page 236 of the records of his office.

At the time of the execution of said lease, the Kroger Grocery & Baking Co., was conducting in an adjoining building (not owned by defendant Ada M. Sleet) one of its stores for the sale of general groceries, and having also in such store a department for the sale of meats. Said store is still being so conducted.

Thereafter some time prior to October 1, 1929, defendant George W. Bohache applied to rent the other store, No. 5560 belonging to Ada M. Sleet. As the result thereof an agreement of lease was prepared by Jesse O. Frank, attorney in fact for Ada M. Sleet and was signed by him on her behalf and by Bohache, whereby said store was on October 7, 1929, leased for twenty-one months from October 1, 1929, with the privilege of three additional years. This agreement of lease was not acknowledged or recorded and contains no restriction as to the use of the leased store. The testimony, however, is Bohache was informed at the time said transaction was entered into that Ada M. Sleet had leased the adjoining store for the sale of meats, and that Bohache could not deal therein in the use of the store No. 5560.

Bohache opened said store apparently as a bakery shop but started to sell a few kinds of meats, adding thereto, until at the present time he is selling sausages of various kinds, boiled and baked hams, cooked meats, smoked meats, canned meats, etc., but is not selling any fresh meats.

Testimony discloses that plaintiff did not at first object to the sale of a few kinds of meats until prior to August 25, 1930, when he complained to Mr. Frank, the agent of Ada M. Sleet. As the result thereof Mr. Frank addressed a letter to Mr. Bohache requesting that he discontinue the sale of meats in direct competition with the plaintiff. Thereafter on October 9, 1930, this suit was filed.

After describing the premises and referring to the terms of his lease, plaintiff alleges in his petition that Ada M. Sleet rented the store, No. 5560 to Bohache on or about January 1, 1930, and that since September 8, 1930, Bohache has dealt in and sold sausages, boiled ham, smoked meats and other meats and still continues to sell and deal in meats, and asks for an injunction restraining the selling and dealing in meats on said premises.

George W. Bohache's amended answer admits that Ada M. Sleet is the owner of the premises and says that he,

on October 1, 1929, leased the premises known as No. 5560, and that he has occupied and continues to occupy the same as a delicatessen and for the sale of bakery goods, canned goods, dairy products, smoked meats, cooked meats, canned meats and various other edibles and table delicacies, and he has not and is not now, selling in said premises what is commonly known as fresh meats or fresh vegetables. He alleges he continues to conduct the same general type of retail business conducted by him when he first entered into possession of said store. He denies for want of knowledge the matters in the petition relating to the lease made by Ada M. Sleet to the plaintiff, and further says that even if said allegations are true, he has had no notice or knowledge thereof. He further says that under his lease from Ada M. Sleet, he is entitled to the unrestricted and quiet enjoyment of said premises for any purpose not contrary to law. He further says that plaintiff since October, 1929, knew the defendant was selling the canned goods, dairy products, smoked meats, cooked meats and canned meats and other edibles and table delicacies, and that he made no attempt to restrain defendant from selling the same and has acquiesced therein. He says that by reason of the laches of plaintiff, he has expended money for equipment and fixtures and built up a valuable trade, and that plaintiff should be estopped from interfering with the business of defendant.

There is no difficulty in disposing of the defenses of want of notice and laches. As to want of notice the testimony shows that Bohache had actual notice that the Sleet lease to Sheff prevented the use of the store, No. 5560, for the sale of meats. Moreover, in October, 1929, the lease from Sleet to plaintiff was of record since March 12, and an examination of said recorded instrument would disclose the restriction. In the opinion of the court Bohache was charged with constructive notice of what the recorded lease would disclose. *Pyle* v. *Hippodrome Co.*, 23 C. C. (N. S.), 331, at 333.

The purpose of recording an instrument relating to the Sleet real estate, described therein by meetes and bounds,

was to inform any person dealing with Sleet as to what title or power or disposition remained in Sleet after having by lease, mortgage, easement or contract for sale, restricted Sleet from absolute or unconditional control over such real estate or any part thereof.

As to laches, the evidence does not show any acquiescence in competition with a meat store. Bohache gradually enlarged the number of meat products sold by him, Sheff then finding the same no longer trivial but in direct competition with his meat store, thereupon complained to the agent of his lessor.

As to the remaining questions presented by the pleadings and the evidence, the determination of this case is not difficult if we bear in mind certain well established principles of law.

Irrespective of the peculiar facts of this case the word "meats" might be held as, in its earlier acceptation, to mean food. Thus it is used in Shakespeare's play of Julius Caesar in the lines:

> "Upon what meat doth this our Caesar feed,
> That he is grown so great."

There are cases holding that an indictment charging the larceny of "meat" is vague and uncertain because it includes in a general sense all kinds of provisions. *State v. Patrick*, 79 N. C., 655; *State v. Morey*, 2 Wisc., 494; *State v. Oakley*, 51 Ark., 112, at 114.

In *Gardner v. State*, 183 Ind., 101, it was held that "meat," although it includes food other than the flesh of animals, yet under its general interpretation means animal flesh.

Under a Federal Tariff Act, the expression "meats of all kinds prepared or preserved" was held to include *pate de foie gras. Smith v. U. S.*, 168 Fed. R., 462.

Under an ordinance of the city of Memphis it was held a "meat store" may well be held to include a store for the sale of all kinds of meat whether fish, fresh meat or poultry, that is consumed by citizens as food. *Vosse v. Memphis*, 77 Tenn., 294, at 299.

The Supreme Court of Michigan has held that the terms "Butcher Shop" and "Meat Market" are used interchangeably and as synonymous terms. *West* v. *Luyendyk*, 73 Mich., 661.

If therefore there were no peculiar facts or circumstances in the instant case, the court would be inclined to the opinion that under the terms of the lease to plaintiff, the store No. 5560 cannot be used for the sale of any form of meat. However, one of the peculiar facts and circumstances of the case at bar is that the instrument (the lease to plaintiff) was prepared by plaintiff's own attorney and that it contained the expression "incident products thereto" which were stricken from the lease as broadening the restriction beyond that to which lessor was willing to limit herself. Moreover, we must not overlook the character of Sheff's business.

Ordinarily a lease is the act of lessor and for that reason any doubtful or ambiguous terms are to be construed strongly against the lessor and in favor of the lessee. *Goldberg* v. *Pearl*, 306 Ill., 436, at 440; *Conneaut Lake Co.* v. *Quigley*, 225 Pa., 605, at 613.

However, as pointed out, this lease was prepared by the lessee's attorney. Therefore, in the opinion of the court, it comes within the rule stated in *Caldwell* v. *State*, 115 Ohio St., 458, at 461, in which Marshall, C. J., delivering the unanimous opinion of the court says:

"In the interpretation of a contract, the document is construed strictly against the person who prepared it, and favorably to the person who had no voice in the selection of the language."

. . In the instant case while lessor had no choice in the selection of the language used, it is undisputed that she did expressly object to one expression in the language selected by the lessee, upon the ground of its possible broad or vague meaning.

Considering all the facts and circumstances of the case at bar, and bearing in mind the rules of construction hereinbefore referred to, the court is of the opinion that, un-

der the terms of the lease to plaintiff for the store No. 5562, the lessor bound herself not to lease the other store No. 5560 for the sale of meats such as are ordinarily dealt in and handled by a meat store or butcher shop, viz: fresh meats of all kinds, salted and pickled meats, lard, smoked meats of all kinds including tongues, hams and sausages of all kinds. Moreover, the court is of opinion that the lessor did not bind herself not to rent the store No. 5560 for the sale of canned or potted meats or such meats as the house wife ordinarily prepares by boiling or baking, fresh or pickled or smoked meats which she purchases from the butcher shop or meat store; namely boiled and haked ham, boiled tongue, cooked meat, baked meat or other similarly prepared meat.

The court is therefore of the opinion that an injunction should be granted against the use of the store, No. 5560 for the sale of the above prohibited articles, but expressly permitting the sale of canned and potted meats and the other cooked, boiled or baked meats hereinbefore mentioned. Such injunction will expire at the expiration of plaintiff's present lease March 31, 1934.