**Roy Edward SIMON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50110.**

Court of Criminal Appeals of Texas.

May 21, 1975.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is an appeal from an order revoking probation. Appellant was convicted of the offense of theft of edible meat, to-wit, chicken (Art. 1426c, Vernon's Ann.P.C.), and punishment was assessed at six years.

No briefs were filed, no grounds of error urged, and the record contains no indication of indigency.

 We are aware that in Wilson v. State, 164 Tex.Cr.R. 233, 297 S.W.2d 830, this Court held that dressed poultry was not "edible meat" within the meaning of Article 1426c, supra. We today expressly overrule our holding in that case and rule that "edible meat" is not restricted to the flesh of mammals used as food, as distinguished from fish and fowl. *Wilson* affirmed a conviction by unexplained reliance upon *"one* of the definitions" (emphasis added) of a dictionary which could as well have required reversal had a different definition been quoted. The Legislature has not delegated the determination of the meaning of its enactments to the publishers of dictionaries. It is the duty of this Court, when called upon, to determine the meaning of the penal laws of this State applying the statutory and judicially established rules of statutory interpretation. "Edible meat," as understood in common

language (see Art. 8, V.A.P.C.), certainly includes chicken meat.[1]

Wilson v. States, supra, is overruled,[2] and the order revoking probation is affirmed.

DOUGLAS, Judge (dissenting).

The majority affirms this conviction and in doing so overrules Wilson v. State, 164 Tex.Cr.R. 233, 297 S.W.2d 830. The Legislature prior to the adoption of the present penal code enacted many special theft statutes including Article 1426c, in question. This Court construed this special statute in the Wilson case. So that there might be some predictability in the law I would follow the previous decision of this Court on the same question.

---

1. Although it is unnecessary to go through an elaborate discussion establishing such fact, we make the following observations. The Legislature has mandated that this Court give words their ordinary and usual meaning as they are understood in common language. Article 8, V.A.P.C. (Now Section 1.05 V.T.C.A. Penal Code)

Various lexicographers have written definitions which describe poultry, bird or fowl flesh as being included within the ordinary and usual meaning of "meat." Webster's Third New International Dictionary (Unabridged); Random House Dictionary of the English Language (Unabridged, 1967); Webster's Seventh New Collegiate Dictionary (1963); The American College Dictionary (1960); A Dictionary of Contemporary American Usage (1957). See also 57 C.J.S., Meat at 478 (1948).

"Meat" has been specifically defined by the Texas Legislature in certain statutes to include the edible part of poultry. Article 4476–3 (The Meat Inspection Law); Article 1037, V.A.P.C.

The decisions of courts in other jurisdictions have given a broad interpretation to the word "meat." State v. Morey, 2 Wis. 494, 495, 60 Am.Dec. 439 (1853); State v. Oakley, 51 Ark. 112, 10 S.W. 17 (1888); State v. Patrick, 79 N.C. 655, 656, 28 Am.Rep. 340 (1878); Gardner v. State, 183 Ind. 101, 108 N.E. 230 (1915); State v. Nugent, 243 N.C. 100, 89 S.E.2d 781 (1955).

2. To the extent Sanford v. State, Tex.Cr. App., 492 S.W.2d 581 is inconsistent with our holding today, it, too, is overruled.