STATE v. JIM LUNSFORD.

(Filed 19 May, 1909.)

1. **Intoxicating Liquors—Indictment, Insufficient—Certainty of Charge—Rights of Accused—Judgment.**

    While the statutes are sufficiently full to cure mere formal defects in the procedure incident to criminal prosecution, the procedure, whether by indictment or warrant, either alone or in connection with the accompanying affidavit, must inform the accused of the charge against him with sufficient certainty to enable the court to know what offense has been committed and the punishment which may be imposed in case of conviction.

2. **Same—License.**

    In order to sustain a conviction for an unlawful sale of spirituous liquors in a town before prohibition went into effect there, whether in violation of a State law or municipal ordinance, and when to constitute the offense it was necessary that such sale be made without license, the procedure must allege a sale without a license; otherwise it would be fatally defective.

3. **Intoxicating Liquors—Sale—Indictment—Ordinance—Certainty of Charge.**

    When a warrant and accompanying affidavit charge an unlawful sale of spirituous liquor in violation of some city ordinance, without setting forth or describing the ordinance or referring to it in a way sufficient to identify it, a conviction thereunder cannot be sustained.

4. **Same—State Law—Judgment.**

    A conviction of selling spirituous liquor contrary to law cannot be sustained under a warrant not specifying whether the charge was under a State law or municipal ordinance, when both are in force at the time; for the court could not determine for which offense to impose punishment, and no valid judgment could be pronounced.

STATE *v.* LUNSFORD.

INDICTMENT for selling whiskey in the city of Asheville contrary to law, tried on appeal from the police ·court of the city of Asheville, before *Ward, J.,* and a jury, at November Term, 1908, ·of BUNCOMBE.

The procedure under which conviction was had is shown in the affidavit and warrant appearing in the record, as follows:

"NORTH CAROLINA—Buncombe County.

City of Asheville, Police Justice's Court.

"Charge: Violation of Ordinance No. State.

"E. C. McConnell maketh oath that on 26 September, 1908, in the city of Asheville, North Carolina, Jim Lunsford did unlawfully and willfully sell spirituous, vinous and malt liquors to one Zeb. D. Grant, in violation of City Ordinance No. State, contrary to the form of the statute in such cases made and pro-. vided, and against the peace and dignity of the State.

"E. C. McCONNELL."

"Sworn to and subscribed before me, this 26 September, 1908.

"G. S. REYNOLDS,
"*Police Justice.*"

"STATE OF NORTH CAROLINA.

"*To the Chief of Police or any Policeman of the City of Asheville, or other Lawful Officer of said City*—GREETING:

"We command you to arrest the body of Jim Lunsford and him safely keep, so that you have him before me at 9 o'clock A. M. on 28 September, 1908, then and there to answer the charge above set forth.          G. S. REYNOLDS,
"*Police Justice.*"

"*To the Chief of Police or any other Policeman or other Lawful Officer of the City of Asheville*—GREETING:

"You are hereby commanded to summon the following witnesses to appear before G. S. Reynolds, police justice of the city of Asheville, at the time and place named for the return of the within warrant and summons, to testify as to the charge contained in the within affidavit and warrant, and to testify on the

matters mentioned in the within summons, and not depart from the court without leave: Zeb. D. Grant, J. H. Fore, Frankie Davis, W. A. Webb.                    G. S. REYNOLDS,
                              *"Police Justice."*

"The within warrant received this 26 September, 1908. Executed 26 September, 1908, by arresting Jim Lunsford and bringing him before G. S. Reynolds, police justice, for trial at 9 o'clock A. M., 28 September.        E. C. McCONNELL,
                              *"Policeman."*

Under this procedure the defendant was tried, convicted and sentenced by the police justice to pay a fine of $100. Having appealed to the Superior Court, defendant was there again convicted and sentenced to imprisonment for eighteen months and assigned to work the public roads during his term. From this judgment defendant, having duly excepted, appealed.

*Attorney-General* for the State.
*W. P. Brown* for defendant.

HOKE, J. While the statutes in this State are full and sufficient to cure all formal defects in the procedure incident to a criminal prosecution, the requirement remains that in any and every such prosecution, whether by indictment or warrant, either alone or in connection with the accompanying affidavit, the defendant shall be informed of the accusation against him, and this accusation must be set forth with sufficient certainty to enable the court to say what offense has been committed and to know what punishment may be imposed in case of conviction. *Hendersonville v. McMinn,* 82 N. C., 533; Clark's Criminal Procedure, 150.

At the time of this occurrence prohibition had not gone into effect in the city of Asheville, and, in order to constitute a criminal offense in that locality for a violation of either the State or municipal law, it was required that the sale of spirituous liquors should have been without license. The procedure, therefore, under which this conviction was had is fatally defective, in that it contains no allegation of a sale without license. *State v. Holder,* 133 N. C., 709.

Again, while the warrant and accompanying affidavit give indication that the offense charged was for the violation of some municipal ordinance, the ordinance is not set forth or described, nor is it referred to in any way sufficient to identify it, and for this reason a prosecution cannot be sustained under it as an offense against a municipal regulation.

Referring to this position, as well as that first stated, in *McMinn's case, supra, Ashe, J.,* for the Court, said: "The process under which the defendant was arrested is so defective in form and substance as not to warrant the judgment pronounced upon him in the court below. It should have set out the ordinance, but instead of doing so it charges the defendant with the violation of *one of the ordinances* of the town of Hendersonville, prohibiting the sale of intoxicating liquors, implying that there was more than one ordinance of the town on that subject. Which did he violate? If it was intended to be a criminal prosecution, the warrant is the indictment; and every indictment must state the facts and circumstances constituting the offense with such certainty that the defendant may be enabled to determine the species of the offense with which he is charged, in order that he may know how to prepare his defense and that the court may be in no doubt as to the judgment it should pronounce if the defendant be convicted. Archb. Cr. Pl., 42, 43."

Further, in *State v. Lytle,* 138 N. C., 738, we have held that, under certain circumstances, one and the same act or sale may constitute distinct offenses, the one being in violation of a State law and the other of a town ordinance requiring a municipal license; and if it be conceded that such a condition obtains here, on conviction under this warrant, as it now stands, the Court is unable to determine whether the punishment should be imposed for the one offense or the other, and therefore no valid judgment can be pronounced.

For the reasons indicated, we are of opinion that the judgment against the defendant should be arrested, and it is so ordered.

Judgment Arrested.