STATE v. ROMAINE JENKINS.

(Filed 14 October, 1953.)

**1. Constitutional Law § 32: Indictment and Warrant § 9—**

The constitutional right of a defendant to be informed of the accusation against him requires that the indictment or warrant set out the offense with sufficient certainty to identify it and protect defendant from being twice put in jeopardy for the same offense, to enable him to prepare for trial, and to enable the court to proceed to judgment according to law in case of conviction. Constitution of North Carolina, Art. I, sec. 11.

**2. Arrest § 3—**

A warrant charging that defendant unlawfully and willfully violated the laws of North Carolina by resisting arrest is insufficient to charge the offense proscribed by G.S. 14-223.

STATE *v.* JENKINS.

**3. Obstructing Justice § 2—**

A warrant charging that defendant interfered "with an officer while legally performing the duties of his office" is insufficient to charge a violation of G.S. 14-223 since it does not describe the official character of the person alleged to have been resisted with sufficient certainty to show that he was a public officer within the purview of the statute.

**4. Indictment and Warrant § 16—**

An order granting a motion to amend the warrant so as to charge the violations in the words of designated statutes cannot cure fatal defects in the warrant in failing to charge the offenses when the amendments are not actually made, since neither the motion nor the order sets out the contemplated wording of the proposed amendments and therefore could not be self-executing.

APPEAL by defendant from *Joseph W. Parker, Judge,* and a jury, at March Term, 1953, of EDGECOMBE.

Criminal prosecution upon a warrant tried *de novo* in the Superior Court on the appeal of the defendant from a recorder's court.

These are the facts:

1. The warrant charges that on a specified day in Edgecombe County the defendant Romaine Jenkins "unlawfully, willfully violated the laws of North Carolina . . . by resisting arrest and interfering with an officer while legally performing the duties of his office . . . contrary to the statute . . . in such case . . . made and provided . . . and against the peace and dignity of . . . (the) State."

2. The only evidence presented to the court and the jury at the trial was that of the State. After the State rested, the solicitor moved the court for permission to amend the warrant so as "to charge the violation in the words of the statute, to-wit, G.S. 14-223." The court allowed the motion, but the amendment was not actually made.

3. The jury returned a verdict of guilty, and the court sentenced the defendant to imprisonment as a misdemeanant. The defendant excepted and appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorney-General Love for the State.*

*W. O. Rosser for defendant, appellant.*

ERVIN, J. The Constitution of North Carolina guarantees to the accused in all criminal prosecutions the right to be informed of the accusation against him. N. C. Const., Art. I, Sec. 11.

This constitutional guaranty is, in essence, an embodiment of the common law rule requiring the charge against the accused to be set out in the indictment or warrant with sufficient certainty to identify the

offense with which he is sought to be charged, protect him from being twice put in jeopardy for the same offense, enable him to prepare for trial, and enable the court to proceed to judgment according to law in case of conviction. *S. v. Green,* 151 N.C. 729, 66 S.E. 564; *S. v. Lunsford,* 150 N.C. 862, 64 S.E. 765; *S. v. Harris,* 145 N.C. 456, 59 S.E. 115; 42 C.J.S., Indictments and Informations, section 90.

The warrant in the instant case falls short of these requirements. The allegation that the defendant resisted arrest, standing alone, does not charge an offense known to the law. *S. v. Raynor,* 235 N.C. 184, 69 S.E. 2d 155. There is no validity in the contention of the State that this allegation and the additional allegation that the defendant interfered "with an officer while legally performing the duties of his office" suffice to impute to defendant a violation of G.S. 14-223, which provides that "if any person shall willfully and unlawfully resist, delay or obstruct a public officer in discharging or attempting to discharge a duty of his office, he shall be guilty of a misdemeanor." These allegations do not describe the official character of the person alleged to have been resisted with sufficient certainty to show that he was a public officer within the purview of the statute. *S. v. Pickett,* 118 N.C. 1231, 24 S.E. 350; 67 C.J.S., Obstructing Justice, Section 13. We refrain from deciding whether the warrant is fatally defective in other respects.

The legal standing of the State is not improved an iota by the order granting the solicitor permission to amend the warrant so as "to charge the violation in the words of the statute, to-wit, G.S. 14-223." The amendment was not actually made. *S. v. Moore,* 220 N.C. 535, 17 S.E. 2d 660. Inasmuch as neither the motion nor the order stated the contemplated language of the proposed amendment, the order allowing the motion to amend was not self-executing. See in this connection: *S. v. Yellowday,* 152 N.C. 793, 67 S.E. 480, and 42 C.J.S., Indictments and Informations, section 237.

Since the warrant does not charge a criminal offense, the judgment must be arrested.

Judgment arrested.