STATE v. HAROLD F. NUGENT, LOUIS HARDY STRICKLAND, B. T. WILLIAMS AND ROMMIE GREEN.

(Filed 9 November, 1955.)

**1. Constitutional Law § 32: Indictment § 9—**

A defendant has the constitutional right, as an essential of jurisdiction, that the warrant or indictment charge the offense against him with such exactness that he can have a fair and reasonable opportunity to prepare his defense and to avail himself of his conviction or acquittal as a bar to subsequent prosecution for the same offense, and further the charge must enable the court, on conviction, to pronounce sentence according to law. Constitution of North Carolina, Article I, Sec. 11.

**2. Same—**

G.S. 15-153 does not abolish the requirement that the charge against a defendant must be sufficiently definite to safeguard his constitutional guarantees.

**3. Indictment § 9: Larceny § 4: Receiving Stolen Goods § 3—**

An indictment charging larceny and receiving stolen goods knowing them to have been stolen, which describes the property in each count as a "quantity of meat" of a specified value belonging to a designated company, *is held* an insufficient description of the property to meet constitutional requirements, and judgment upon conviction under such indictment must be set aside.

**4. Criminal Law §§ 56, 81a—**

The Supreme Court will take cognizance of a fatal defect in the bill of indictment and arrest the judgment *ex mero motu.*

**5. Criminal Law § 56—**

The legal effect of arresting the judgment is to vacate the verdict and sentence of imprisonment below, but the State may thereafter proceed upon a sufficient bill of indictment, if so advised.

APPEAL by defendant Louis Hardy Strickland from *Fountain, Special J.,* July Regular Criminal Term 1955 of WAKE.

Criminal prosecution for larceny and receiving stolen goods knowing them to have been stolen.

The defendants Harold F. Nugent and Rommie Green pleaded guilty. The defendant B. T. Williams entered a plea of *nolo contendere.* The defendant Louis Hardy Strickland pleaded Not Guilty.

Verdict: Guilty. Judgments: As to Strickland and Williams, imprisonment in the State's Prison; as to Nugent and Green, imprisonment in the State's Prison, but their sentences were suspended, and they were placed on probation on condition, among other conditions, that they pay to R. & S. Packing Company certain sums of money in restitution.

The defendant Williams gave notice of appeal, but did not perfect it. The defendant Strickland appeals, assigning error.

*William B. Rodman, Jr., Attorney General, and Harry McGalliard, Assistant Attorney General, for the State.*

*Carl E. Gaddy, Jr. and E. R. Temple for Defendant, Appellant.*

PARKER, J.    The bill of indictment has two counts: one for larceny, and one for receiving stolen property knowing it to have been stolen. The description of the property in the larceny count is a "quantity of meat of the value of fifteen hundred dollars, of the goods, chattels and moneys of one R & S Packing Company." A similar description occurs in the receiving count. Are the descriptions of the property in the two counts of the bill of indictment sufficient?

It is an essential of jurisdiction that a criminal offense shall be sufficiently charged in a warrant or an indictment. *S. v. Thorne*, 238 N.C. 392, 78 S.E. 2d 140; *S. v. Scott*, 237 N.C. 432, 75 S.E. 2d 154; *S. v. Morgan*, 226 N.C. 414, 38 S.E. 2d 166.

Art. I, Sec. 11, of the North Carolina Constitution, guarantees to every person charged with crime the right to be informed of the accusation against him. This constitutional guarantee is a substantial re-declaration of the common law rule requiring the charge against the defendant to be set out in the warrant or indictment with such exactness that the defendant can have a fair and reasonable opportunity to prepare his defense, can avail himself of his conviction or acquittal as a bar to subsequent prosecution for the same offense, and can enable the court, on conviction, to pronounce sentence according to law. *S. v. Jenkins*, 238 N.C. 396, 77 S.E. 2d 796; *S. v. Green*, 151 N.C. 729, 66 S.E. 564; *S. v. Lunsford*, 150 N.C. 862, 64 S.E. 765; 42 C.J.S., Indictments and Informations, Sec. 90. This right of the accused is a substantial right that may not be ignored, and not a mere technical or formal right. *People v. Green*, 368 Ill. 242, 13 N.E. (2d) 278, 115 A.L.R. 348.

G.S. 15-153 has abolished the requirement that the detailed particulars of a crime must be stated in the meticulous manner prescribed by the common law, but the requirement remains that in every prosecution by warrant or indictment the defendant shall be informed of the accusation against him, and this accusation must be set forth with sufficient certainty for the purposes above stated. *S. v. Gibbs*, 234 N.C. 259, 66 S.E. 2d 883; *S. v. Lunsford, supra.*

As to the sufficiency of description of property in an indictment for larceny, this is stated in a note to *Jones v. State*, 64 Fla. 92, 59 So. 892, L.R.A. 1915 B 71, in the L.R.A. volume: "To apply the rules deducible from the cases it seems that property alleged to have been taken should

be described by the name usually applied to it when in the condition it was in when taken, and where possible to state the number or quantity, kind, quality, distinguishing features, etc., thereof."

The case of *S. v. Patrick,* 79 N.C. 655, 28 Am. Rep. 340, is directly in point. In that case the description of the property in the bill of indictment, to-wit, "one pound of *meat* of the value of five cents" was held fatally defective, and the judgment was arrested. This Court said: "Such articles" (referring to meats) "have more specific names in commerce and in the country, which ought to be employed in criminal proceedings." See: *S. v. Moore,* 129 N.C. 494, 39 S.E. 626, 55 L.R.A. 96.

In the *Patrick case* the Court relied upon *S. v. Morey,* 2 Wis. 362, 60 Am. Dec. 439. In the *Morey case* the description, "one hundred pounds of *meat* of the value of fifteen dollars," was held bad for uncertainty, and the judgment was arrested. The Wisconsin Court said: "In an indictment for larceny, the property which is alleged to have been stolen, should be described with reasonable certainty; and a charge of stealing meat, which applies not only to the flesh of all animals, used for food, but in a general sense to all kinds of provisions, is too vague and uncertain."

As was pointed out in *S. v. Patrick, supra,* in *S. v. Jenkins,* 78 N.C. 478, the word *meat* is used in the syllabus and report of the case. It should have been *bacon,* as appears from the original papers on file. The description of the property in the bill of indictment for larceny is, "five pounds of bacon."

*S. v. Oakley,* 51 Ark. 112, 10 S.W. 17, was a case of larceny of money, where the court was concerned with the sufficiency of the description of the money in the bill of indictment. The Court said, without citation of authority: "It has been adjudged that the description of property stolen as 'one pound of meat' was insufficient. . . ."

In *S. v. Allen,* 103 N.C. 433, 9 S.E. 626, the defendant was charged with the larceny of pork, which is the flesh of swine. The description of the property in the bill of indictment from the original papers on file is, "four hundred pounds of bacon of the value of forty dollars, and four hundred pounds of fresh pork of the value of forty dollars."

Webster's New International Dictionary, 2nd Ed., defines meat: "The flesh of animals used as food. . . . Commercially, in the United States, *meat* means the dressed flesh of cattle, swine, sheep or goats, except where used with a qualifying word, as in *reindeer meat, crab meat."* It is common knowledge that we have different kinds of dried meat and canned meat. It is well known that horse meat is used extensively as a food for dogs.

Applying the principles of law above stated, we reach the conclusion that the description of the property in both counts of the bill of indict-

ment is fatally defective. The defendant has a constitutional right to have the bill of indictment state the kind of meat he is alleged to have taken or received, so that he can know precisely what he is called upon to meet, in order to have a fair and reasonable opportunity to prepare his defense, and so that, in the event of a conviction, the record may show with accuracy the exact offense of which he was convicted. The use of the embracive word *meat* in the bill of indictment has deprived the defendant of this substantial constitutional right.

The defendant made no motion in the Trial Court to arrest the judgment because the description of the property in both counts of the bill of indictment is fatally defective. However, the defects in the bill of indictment are insurmountable, and this Court *ex mero motu* will direct the judgment to be arrested. *S. v. Thorne, supra; S. v. Scott, supra.*

The legal effect of arresting the judgment is to vacate the verdict and sentence of imprisonment below, and the State, if it is so advised, may proceed against the defendant upon a sufficient bill of indictment. *S. v. Faulkner*, 241 N.C. 609, 86 S.E. 2d 81; *S. v. Scott, supra; S. v. Sherrill*, 82 N.C. 694.

Judgment arrested.