## STATE v. JOHN BLEASE STEVENS.

(Filed 28 April, 1965.)

**Criminal Law § 18—**

Where the statute establishing a county court so provides, an appeal to the Superior Court by a defendant charged with forcible trespass and assault with a deadly weapon, misdemeanors beyond the final jurisdiction of a magistrate or a mayor, must be tried upon a bill of indictment. Constitution of North Carolina, Art. I, § 12; Chapter 425 Public-Local Laws of 1913.

APPEAL by defendant from *Crissman, J.,* November 30, 1964 Mixed Session of STANLY.

Defendant was tried and convicted on November 13, 1964, in Stanly County Court, upon warrants charging forcible trespass and assault with a deadly weapon. From the prison sentence imposed, he appealed to the Superior Court, where he was again tried and convicted on the original warrants. Defendant moved in arrest of judgment for that, by express provision of the public-local law establishing Stanly County Court, the Superior Court was empowered to try defendant only upon a bill of indictment. Judge Crissman overruled the motion and imposed sentences, from which defendant appeals.

*T. W. Bruton, Attorney General, and Richard T. Sanders, Assistant Attorney General, and Andrew A. Vanore, Jr., Staff Attorney, for the State.*

*Blackwell M. Brogden for defendant.*

PER CURIAM. Stanly County Court was established by Chapter 425, Public-Local Laws of 1913, which, with certain exceptions not pertinent here, conferred upon it exclusive original jurisdiction of all criminal offenses committed in Stanly County, which offenses are above the jurisdiction of justices of the peace and mayors and are below the grade of felony. Such offenses are declared to be petty misdemeanors by Section 2(c) of the Act. Section 7 of the Act provides:

"In all cases there shall be the right of appeal from the judgment of said court to the Superior Court of Stanly County, and upon such appeal the trial in the Superior Court shall be *de novo*. Proceedings on appeal shall conform to the procedure now obtaining in the courts of justices of the peace, as far as practicable: *Provided*, that in all cases of appeal, except in cases where a magistrate or a mayor would have final jurisdiction, the defendant shall be tried only upon a bill found by the grand jury."

The constitutional requirement that criminal trials must be upon a bill of indictment, N. C. Const., Art. I, § 12, is subject to two exceptions: (1) the legislature may provide means other than indictments by grand juries for the trial of petty misdemeanors; and (2) when represented by counsel, an accused may, in all except capital cases, waive indictment under rules prescribed by the legislature. N. C. Const., Art. I, § 12. *State v. Thomas,* 236 N.C. 454, 73 S.E. 2d 283.

The legislature may or may not exercise its constitutional power to provide means of trial for petty misdemeanors other than upon a bill of indictment. Prior to the general election held November 2, 1962, when the people of the State adopted an amendment rewriting Article IV, the State Constitution contemplated a diversity of procedure in the lower courts throughout the State and, upon appeal from their judgments, in the Superior Courts of the different counties. *State v. Lytle,* 138 N.C. 738, 51 S.E. 66. As a result of the 1962 amendment, Stanly County Court and all other courts inferior to the Superior Court will cease to exist on January 1, 1971.

The legislature has not provided, on appeal from Stanly County Court to the Superior Court in cases beyond the jurisdiction of a justice of the peace or a mayor, means of trial other than upon a bill of indictment. On the contrary, in such cases it has specifically provided that the defendant shall be tried only upon a bill found by the grand jury. Forcible trespass and assault with a deadly weapon, the charges contained in the two warrants upon which defendant was tried, are both crimes beyond the jurisdiction of a justice of the peace or a mayor. Without a bill of indictment, therefore, the Superior Court had no jurisdiction to try defendant upon the charges contained in the original warrants. The motion in arrest of judgment, as the Attorney General concedes, should have been allowed. *State v. Doughtie,* 238 N.C. 228, 77 S.E. 2d 642. Defendant's appeal is, however, still pending in the Superior Court, and the solicitor may yet send bills of indictment to the grand jury.

The judgment is arrested and the case remanded to the court below.

Error and remanded.