STATE *v.* GAY.

STATE v ROBERT ARNOLD GAY.

(Filed 28 February, 1968.)

1. Criminal Law § 18—

Upon appeal from a conviction in an inferior court, a person charged with a misdemeanor may be tried in the Superior Court, in the discretion of the solicitor, upon the original warrant or upon an indictment charging the same offense.

2. Criminal Law § 91;   Constitutional Law § 31—

Trial of defendant on the same day the bill of indictment is returned does not deprive defendant of notice and an opportunity to prepare his defense where the case is on appeal from defendant's conviction in an inferior court upon a warrant charging the same offense as the indictment.

3. Criminal Law § 174—

Where defendant, on appeal from a conviction in the inferior court, is tried upon a bill of indictment and not upon the original warrant, any question as to the validity of the original warrant is not decisive on appeal to the Supreme Court.

HUSKINS, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Snepp, J.,* 7 August 1967 Schedule C, Criminal Session of MECKLENBURG. This case was docketed and argued at the Fall Term 1967 as No. 272-Y.

On 4 February 1967 defendant was arrested and charged in a warrant, issued by one Eugene Rushing, a desk officer of the Charlotte Police Department, with operating a motor vehicle while under the influence of intoxicants, resisting arrest, and assault on an officer. He was tried under said warrant in Mecklenburg County Recorders Court and was found guilty. The record shows no motion to quash the warrant in that court. From judgment entered in Recorders Court defendant appealed to Superior Court of Mecklenburg County.

On 9 August 1967, bills of indictment were returned by the grand jury at the 7 August 1967 Schedule C, Criminal Session of Mecklenburg County Superior Court, charging defendant with operating a motor vehicle while under the influence of intoxicants, resisting arrest, and assault on an officer. The indictments were consolidated for trial. Upon call of the case for trial, on same date, defendant moved to quash the warrant and the bills of indictment. His motion to quash was denied and defendant was thereupon tried under the bills of indictment on all three charges. He entered pleas of not guilty, and the jury returned verdicts of not guilty as to the charges of driving while under the influence of intoxicants and assault upon an officer. The jury returned verdict of guilty of resisting arrest, and from judgment entered thereon defendant appealed.

*Attorney General Bruton, Deputy Attorney General Lewis, and Trial Attorney Eugene A. Smith for the State.*
*Joel L. Kirkley, Jr., for defendant.*

PER CURIAM. The sole question presented for decision is: Did the trial court err in denying defendant's motion to quash the warrant and indictments?

A person charged with a misdemeanor may be tried initially in the Superior Court upon an indictment or, upon appeal from conviction in an inferior court, he may be tried in a Superior Court upon the original accusation without an indictment. *State v. Thomas,* 236 N.C. 454, 73 S.E. 2d 283. In such case it is entirely within the discretion of the solicitor whether he should send a bill to the grand jury and try the defendant upon the indictment or upon the original warrant. *State v. Razook,* 179 N.C. 708, 103 S.E. 67.

It is an essential of jurisdiction that a criminal offense shall be sufficiently charged in the bill of indictment. It is not essential that the bill of indictment be issued prior to his arrest or that defendant be arrested thereunder. *State v. Green,* 251 N.C. 40, 110 S.E. 2d 609.

In the instant case the solicitor chose to try defendant under bills of indictment, and there is no contention that the bill of indictment before us was not regular on its face or that it did not properly charge each and every element of the alleged offense.

"The Constitution of North Carolina guarantees to the accused in all criminal prosecutions the right to be informed of the accusation against him. N. C. Const., Art. I, Sec. 11.

"This constitutional guaranty is, in essence, an embodiment of the common law rule requiring the charge against the accused to be set out in the indictment or warrant with sufficient cer-

tainty to identify the offense with which he is sought to be charged, protect him from being twice put in jeopardy for the same offense, enable him to prepare for trial, and enable the court to proceed to judgment according to law in case of conviction. *S. v. Green,* 151 N.C. 729, 66 S.E. 564; *S. v. Lunsford,* 150 N.C. 862, 64 S.E. 765; *S. v. Harris,* 145 N.C. 456, 59 S.E. 115; 42 C.J.S., Indictments and Information, section 90." *State v. Jenkins,* 238 N.C. 396, 77 S.E. 2d 796.

Defendant does not contend that the bill of indictment under which he was tried should be quashed because (1) the charge against him is not set out with sufficient certainty to identify the offense, (2) that it would fail to protect him from being twice put in jeopardy for the same offense, or (3) that it would not enable the court to proceed to judgment in case of conviction. Rather, he contends that since the bill of indictment was returned on the same day of his trial, he did not have notice and was not subject to trial.

Defendant had been tried under a warrant in the Recorders Court of Mecklenburg County for the same offenses charged in the bills of indictment. He cannot now claim lack of notice which would have prevented him from preparing for trial, on the ground that the indictment was returned on the same day that trial was had.

It is stated in the case of *State v. Hackney,* 240 N.C. 230, 81 S.E. 2d 778: " 'There is no rule of law or practice that when a bill of indictment is found at one term the trial cannot be had until the next.' *State v. Sultan,* 142 N.C. 569, 54 S.E. 841. . . ."

The validity of the original warrant is not decisive of this case; however, had he been tried on the warrant in Superior Court, he would not be entitled to relief in this Court on the ground that it was issued by a desk officer. The record reveals that he pleaded to the warrant in Recorders Court of Mecklenburg County, and did not move to quash until the matter came on to be heard in Superior Court, where the judge, in the exercise of his discretion, denied his motion to quash. *State v. Matthews,* 270 N.C. 35, 153 S.E. 2d 791.

The trial court did not err in denying defendant's motion to quash.

No error.

HUSKINS, J., took no part in the consideration or decision of this case.