For the reasons stated, the judgment of nonsuit is

Reversed.

BRITT and PARKER, JJ., concur.

---

STATE OF NORTH CAROLINA v. DWIGHT HARRINGTON

No. 6919SC134

(Filed 13 August 1969)

**1. Constitutional Law § 28— waiver of indictment**

> An accused in a criminal proceeding, when represented by counsel, may, in all except capital cases, waive indictment under rules prescribed by the Legislature. N. C. Constitution, Art. I, § 12.

**2. Constitutional Law § 28— waiver of indictment — appeal from inferior to superior court**

> Until the Legislature shall prescribe regulations governing the waiver of an indictment in a case heard in superior court on an appeal from an inferior court, an accused in such a case may not waive indictment and be tried upon an information. N. C. Constitution, Art. I, § 12.

**3. Criminal Law § 18— appeal from inferior to superior court — invalidity of trial upon information**

> Where defendant appealed to the superior court from his sentence imposed in a recorder's court, defendant could be lawfully tried in the superior court only upon the original warrant or upon an indictment, the statute relating to waiver of indictment in misdemeanor cases not being applicable, and it was error for the superior court to sentence defendant upon an information. G.S. 15-140. N. C. Constitution, Art. I, § 12.

**4. Criminal Law § 150— unauthorized dismissal of appeal — prejudicial error**

> Where defendant's appeal was perfected and was heard by the Court of Appeals, defendant has suffered no prejudice by reason of unauthorized order of the clerk of superior court purporting to dismiss his appeal.

**5. Criminal Law § 150— withdrawal of appeal — authority of clerk**

> Clerk of superior court was without authority to enter an order purporting to dismiss defendant's appeal, which order was entered after defendant, without joinder of counsel, had filed a written withdrawal of

the appeal, the clerk at most having the authority only to file and make an entry of such withdrawal. G.S. 15-184.

APPEAL by defendant from *Anglin, J.,* 19 August 1968 Criminal Session of CABARRUS Superior Court.

Defendant was tried in Cabarrus County Recorder's Court on 11 July 1968 on warrant charging misdemeanor escape. He pleaded guilty and from judgment imposing active prison sentence, gave notice of appeal to the superior court. The case came on for trial at the 19 August 1968 Criminal Session of Cabarrus Superior Court. On 21 August 1968 the presiding judge appointed counsel to represent defendant. On 22 August 1968 defendant and his counsel waived indictment and the case was heard upon an information charging defendant with misdemeanor escape alleged to have been committed on the same date as charged in the original warrant. Defendant pleaded guilty to the charge contained in the information and judgment was entered thereon imposing an active prison sentence. Defendant gave notice of appeal in open court and the court thereupon appointed defendant's original trial counsel to represent him upon the appeal. On 23 August 1968 appellant, without advice or joinder of his counsel, signed a written "withdrawal of notice of appeal." On the same date the clerk of superior court entered an order dismissing the appeal. A written notice of appeal, statement of indigency, and request for appointment of counsel, all dated 25 August 1968 were filed by appellant on 29 August 1968. On the same date the judge presiding at the 26 August 1968 Civil Session of Cabarrus Superior Court appointed defendant's present counsel to represent him on the appeal. On 30 August 1968 defendant, through his newly appointed counsel filed a written motion to set aside the order theretofore entered by the clerk of superior court purporting to dismiss the appeal. On the same date the clerk denied the motion. Thereafter the case on appeal was duly served and docketed in the Court of Appeals within apt time as extended by timely orders of the superior court.

*Attorney General Robert Morgan and Staff Attorney L. P. Covington for the State.*

*Thomas K. Spence for defendant appellant.*

PARKER, J.

Defendant assigns as error his trial, sentence, and commitment on the information in superior court, contending that since he was

before the superior court upon appeal from judgment rendered in the recorder's court, he could only be lawfully tried either on the original warrant or on an indictment.

[1]    Article I, § 12 of the Constitution of North Carolina provides:

> "No person shall be put to answer any criminal charge except as hereinafter allowed, but by indictment, presentment, or impeachment, *but any person, when represented by counsel, may, under such regulations as the Legislature shall prescribe, waive indictment in all except capital cases."* (Emphasis added.)

By virtue of this section an accused in a criminal proceeding, when represented by counsel, may, in all except capital cases, waive indictment under rules prescribed by the Legislature. *State v. Stevens,* 264 N.C. 364, 141 S.E. 2d 521; *State v. Thomas,* 236 N.C. 454, 73 S.E. 2d 283.

The Legislature has in G.S. 15-140 prescribed the regulations under which an accused may waive indictment in misdemeanor cases, and in G.S. 15-140.1 has prescribed the regulations under which an accused may waive indictment in non-capital felony cases. G.S. 15-140, relating to waiver of indictment in misdemeanor cases, is as follows:

> "In any criminal action in the superior courts where the offense charged is a misdemeanor, the defendant may waive the finding and return into court of a bill of indictment. If the defendant pleads not guilty, the prosecution shall be on a written information, signed by the solicitor, which information shall contain as full and complete a statement of the accusation as would be required in an indictment. No waiver of a bill of indictment shall be allowed by the court unless by the consent of the defendant's counsel in such action who shall be one either employed by the defendant to defend him in the action or one appointed by the court to examine into the defendant's case and report as to the same to the court. *The provisions of this section shall not apply to any case heard in the superior court on an appeal from an inferior court."* (Emphasis added.)

[2, 3]    Appellant was tried in the present case in the superior court on an appeal from his sentence imposed in an inferior court. Therefore, by its express language, G.S. 15-140 does not apply. Since the Legislature has chosen not to prescribe any regulations for waiver of indictment in such cases, defendant could only be lawfully tried in superior court either upon the original warrant or upon an

indictment. *State v. Gay*, 273 N.C. 125, 159 S.E. 2d 312; *State v. Razook*, 179 N.C. 708, 103 S.E. 67. Until the Legislature shall prescribe regulations governing the waiver of an indictment in a case heard in superior court on an appeal from an inferior court, an accused in such a case may not waive indictment and be tried upon an information. Article I, § 12, Constitution of North Carolina; see, *State v. Thomas, supra.* It was, therefore, error in the present case to sentence defendant upon an information in superior court when he was before that court only upon appeal from the recorder's court. Defendant's appeal, however, is still pending in the superior court, and the solicitor may yet try defendant upon the original warrant. See, *State v. Stevens, supra.*

[4, 5]    The clerk of superior court was without authority to enter the order dated 23 August 1968 purporting to dismiss defendant's appeal, which order was entered after the defendant, without joinder of his counsel, had filed a written withdrawal of the appeal. At most the clerk had authority only to file and make an entry of such withdrawal. G.S. 15-184. However, appellant has suffered no prejudice by reason of the clerk's order purporting to dismiss his appeal, since in any event his appeal has been perfected and has been heard by this Court.

For the error noted above, the judgment against appellant is arrested and the case remanded to the superior court.

Error and remanded.

MALLARD, C.J., and BRITT, J., concur.