STATE OF NORTH CAROLINA v. JIMMY FULLER

No. 7122SC726

(Filed 15 December 1971)

1. Larceny § 4— warrant or indictment — description of goods stolen

The description in a larceny warrant or bill of indictment of the goods allegedly stolen is sufficient if from it defendant can have a fair and reasonable opportunity to prepare his defense, can avail himself of his conviction or acquittal as a bar to subsequent prosecution for the same offense, and the court is enabled on conviction to pronounce sentence according to law.

2. Larceny § 4— indictment — description of stolen property

Larceny indictment in which property allegedly stolen from a grocery store was itemized in twenty-six classifications described the stolen property with sufficient certainty.

APPEAL by defendant from *Beal, Judge,* 3 May 1971 Session of Superior Court held in DAVIDSON County.

Defendant was charged in a three count bill of indictment with (1) felonious breaking or entering, (2) felonious larceny, and (3) feloniously receiving stolen goods knowing them to have been feloniously stolen. Only the first and second counts were submitted to the jury.

State's evidence tended to show the following. In response to a call two Lexington police officers went to the vicinity of Abernathy's Grocery in the early morning hours of 21 March 1970. Defendant was across the street from Abernathy's Grocery with two bags in his arms. Upon the officers' command to halt defendant placed the bags on the sidewalk and continued to walk away. Upon the officers' second command to halt defendant stopped and raised his hands. A window had been broken open at Abernathy's Grocery. A search of the bags and immediate area of the street disclosed numerous items including two pistols, a rifle, watches, candy, tools, cigarettes, gloves, and invoices which had been taken from Abernathy's Grocery. The total value of the items taken from the store exceeded seven hundred dollars.

Defendant's evidence tended to show the following. Defendant had just caught a ride from Salisbury to Lexington and was on his way home. His regular route home took him by Abernathy's Grocery. As he was passing the store, two boys

were walking in front of him. These two boys ran when the officers appeared and one of the officers fired two warning shots but did not pursue them. The defendant testified that he did not have two grocery bags in his arms. On cross-examination the defendant again testified that he had never seen any bags.

State's evidence tended to show that no person other than defendant was observed by the police in the area. The police did not try to get anyone but defendant to halt and they did not fire any warning shots at anyone.

The jury returned verdicts of guilty of felonious breaking or entering and guilty of felonious larceny. Defendant was sentenced to a prison term of eight years on the breaking and entering (first) count and a prison term of five years on the larceny (second) count, to commence at the expiration of the term imposed on the first count. Defendant appealed.

*Attorney General Morgan, by Assistant Attorney General Chalmers, for the State.*

*Joe H. Leonard for the defendant.*

BROCK, Judge.

Defendant assigns as error that the second count (felonious larceny) in the bill of indictment is fatally defective for failure to sufficiently describe the property allegedly stolen.

Defendant cites *State v. Nugent,* 243 N.C. 100, 89 S.E. 2d 781, and *State v. Ingram,* 271 N.C. 538, 157 S.E. 2d 119, in support of his argument. In *Nugent* the description of the property was a "quantity of meat of the value of fifteen hundred dollars, of the goods, chattels and moneys of one R & S Packing Company." In *Ingram* the description of the property was "the merchandise, chattels, money, valuable securities and other personal property, located therein, of the value of $878.25 of the goods, chattels and money of the said Henry J. Thomas." Clearly in the *Nugent* and *Ingram* cases the defendant was unable to know what property he was accused of stealing.

[1]   The description in a warrant or bill of indictment of the goods alleged to have been stolen is sufficient if from it defendant can have a fair and reasonable opportunity to prepare his defense, can avail himself of his conviction or acquittal as a

bar to subsequent prosecution for the same offense, and the court is enabled, on conviction, to pronounce sentence according to law. See G.S. 15-153; *State v. Strickland,* 243 N.C. 100, 89 S.E. 2d 781; 50 Am. Jur. 2d, Larceny, § 124, p. 300.

[2]   In the present case the property alleged to have been stolen was itemized in twenty-six classifications and described with sufficient certainty that there could be no reasonable misunderstanding by the defendant, the jury, or the court with regard to what property defendant was accused of stealing, and will permit defendant to plead this conviction as a bar to another prosecution for the same offense.

We have carefully examined defendant's remaining assignments of error and find them to be without merit.

No error.

Judges BRITT and VAUGHN concur.