STATE OF NORTH CAROLINA v. WILLIAM THOMAS POWELL

No. 8116SC457

(Filed 5 January 1982)

1. **Criminal Law § 91.6— codefendant pleads not guilty—motion for continuance denied**

There was no abuse of discretion in the denial of defendant's motion for a continuance on grounds that a codefendant's decision to plead guilty and testify for the State, made shortly after the case was called for trial, came as a surprise and hindered his ability to impeach the codefendant's testimony. Defense counsel was never assured the codefendant would plead not guilty, the taking of his plea was out of the presence of the jury and was a proper procedural matter, and defendant was given an opportunity to cross-examine the codefendant.

2. **Criminal Law § 34.8; Larceny § 6— testimony of prior crimes—competent to show plan or scheme**

Testimony that defendant, who was charged with conspiracy to commit larceny, dealt regularly in the purchase and resale of stolen goods was admissible to show intent to commit a conspiracy to effect larceny and to show a plan or scheme for the commission of the crime.

3. **Criminal Law § 74.3— testimony concerning codefendant's guilty plea proper**

Questions posed to a codefendant concerning his guilty plea were not improper as he testified for the State concerning facts tending to establish his own guilt and his guilty plea was not used as evidence of defendant's guilt.

4. **Conspiracy § 6— conspiracy to commit larceny—sufficiency of the evidence**

The trial judge did not err in failing to grant defendant's motions for nonsuit, to set aside the verdict, and for a new trial in a prosecution for conspiracy to commit larceny. Evidence that defendant and the State's witness, Foust, talked several times about procuring stolen tobacco; that Foust and another conspirator, Burgess, discussed getting a load of tobacco from defendant; that arrangements were made to secure the tobacco; that Foust and Burgess were prepared to pick up and pay for the tobacco; and that the tobacco was owned by someone other than defendant was sufficient to withstand

the motions. The implied understanding that the tobacco would be stolen was sufficient and no overt act was necessary to establish the conspiracy.

**5. Conspiracy § 5.1— statement of coconspirator—not in furtherance of conspiracy**

　　Admission of a statement of a coconspirator which was not made in furtherance of the conspiracy was not sufficiently prejudicial as to require the granting of a new trial as the statement was not the only evidence in the record tending to show the existence of the conspiracy.

**6. Criminal Law § 102.2— argument not immoderate**

　　The district attorney's argument was not immoderate, and because the supposed impropriety of a challenged remark was not extreme or calculated to prejudice the jury, the Court declined to review the trial court's exercise of discretion.

**7. Larceny § 8— instructions—application of law to charges**

　　There was no merit to defendant's argument that the judge failed to charge the jury on the application of the law to the particular allegations in the indictment which charged defendant with conspiracy to commit larceny.

APPEAL by defendant from *McKinnon, Judge.* Judgment entered 1 April 1980 in ROBESON County Superior Court. Heard in the Court of Appeals 19 October 1981.

Defendant, Boyd Burgess, and Benjamin H. Foust were indicted for conspiracy to commit larceny.

The state's evidence tended to show that defendant ran a salvage business, and that in April and July of 1979 defendant told Jeffrey Stoddard, an acquaintance, that he could use any kind of stolen tractors, pipes, scrap, or material that could be used in the salvage business. Stoddard said he was not interested. Defendant approached Stoddard a third time and indicated that he could get Stoddard $10,000 for a load of tobacco if Stoddard would transport it. Stoddard conversed with defendant again on 11 August at the 74 Truck Stop in Lumberton, at which time defendant pointed out a truck load of tobacco and offered Stoddard $10,000 to take it to Greensboro or Wilson, North Carolina. Stoddard declined. The load was stolen, and Stoddard later saw two men drive it away.

Stoddard in August agreed to assist the State Bureau of Investigation in an undercover investigation of tobacco theft, after being contacted by the S.B.I. About 21 or 22 August, defendant, still interested in a load of tobacco, and Stoddard, agreed to meet

at the 74 Truck Stop on a certain night, at which time defendant would give Stoddard instructions. Stoddard and Special Agent Bobby W. Massey met defendant at the truck stop with a loaded truck on 24 August 1979. Defendant directed them to Greensboro and told the men to deliver the tobacco to Ben Foust or another man. They went to Greensboro but were unable to make delivery and returned to Lumberton. On 19 or 20 September, Stoddard and Massey met with the defendant and were directed to deliver a load of tobacco to Siler City, for which they would be paid $5,000. Driving a Burton Motor Lines truck loaded with tobacco belonging to J. P. Taylor Company, Inc., Stoddard and Massey were met in Siler City by defendant, who led them to Boyd Burgess's farm where they were paid $2,500 by Foust. Defendant and the others were then arrested.

Foust, testifying for the state, indicated that he had bought tobacco, cars, pickup trucks, tractors, trailers, and farm implements from defendant. He testified that he and defendant had discussed stolen tobacco a number of times, defendant indicating that he could acquire tobacco if Foust could sell it. Foust also said that he had talked with Boyd Burgess about Burgess's buying stolen tobacco. Burgess told Foust that he would buy some tobacco. Foust told defendant that he and a friend would buy tobacco, and defendant indicated that he could supply it.

Burgess was found innocent, but defendant was convicted of felony conspiracy to commit larceny. Defendant appeals from the verdict and a judgment of imprisonment.

*Attorney General Edmisten, by Assistant Attorney General Kaye R. Webb, for the State.*

*Angus B. Thompson, Jr., for defendant appellant.*

MORRIS, Chief Judge.

[1] When the cases of defendant, Foust and Burgess were initially called for trial, all three defendants were seated at the defense table, in the presence of prospective jurors. The court excluded all jurors from the courtroom, and Foust pled guilty to conspiracy and receiving stolen goods and then became a witness for the state. Defendant and Burgess waived arraignment months earlier and entered pleas of not guilty. Defendants moved, upon entry of

Foust's plea, for a continuance, but the motion was denied. Defendant assigns error to the denial, alleging that he was prejudiced by Foust's sitting at the defense table and by the district attorney's statement, made in the presence of the jurors, of the charges against all defendants. He contends that the procedure was calculated by the prosecution to suggest that all three men cooperated in the criminal acts charged, and that the plea came as a surprise, preventing him from marshalling evidence with which to rebut Foust's testimony and impeach his credibility.

We find no merit in this contention. It is clear from the record that defense counsel was never assured that Foust would plead not guilty, but that the state had informed counsel of the real possibility that he might not be a codefendant, that the taking of his guilty plea was a proper procedural matter, that the plea was entered out of the presence of the jury, and that defendant was given an opportunity to cross-examine Foust. Defendant also fails to indicate what witnesses he would have called or the probability of obtaining their appearance. A motion for a continuance is addressed to the sound discretion of the trial judge, and his ruling thereon is not subject to review absent an abuse of that discretion. *State v. Barfield*, 298 N.C. 306, 259 S.E. 2d 510 (1979); *State v. Cameron*, 283 N.C. 191, 195 S.E. 2d 481 (1973). The denial was clearly within justifiable bounds and this assignment of error is overruled.

[2] Defendant's second assignment relates to the court's denial of several motions to strike testimony referring to crimes said to have been committed by defendant. In a prosecution for a particular crime, the state may not, as a general rule, offer evidence tending to show that the accused has committed another independent or separate offense. *State v. Fowler*, 230 N.C. 470, 53 S.E. 2d 853 (1949). There are several well-recognized exceptions to this rule, however, such as where the evidence helps prove intent or design. The testimony to which objection was made tended to show that defendant dealt regularly in the purchase and resale of stolen goods. We find that the evidence is admissible to show intent on the part of defendant to commit a conspiracy to effect larceny, and to show a plan or scheme for the commission of the crime. *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954); *State v. Fowler*, supra.

**[3]** Defendant variously excepts to the admission of testimony which he regards as unresponsive, incompetent, and containing non-expert opinion. He further contends that questions posed to Foust concerning his guilty plea in the case *sub judice* were improper and the answers thereto incompetent, pursuant to the rule that neither a conviction nor a guilty plea by one defendant is competent as evidence of the guilt of a codefendant on the same charges. *State v. Campbell*, 296 N.C. 394, 250 S.E. 2d 228 (1979). This legal maxim was not violated, however, as the defendant who pled guilty testified as a witness for the state to facts tending to establish his own guilt. Thus, his guilty plea, standing alone, is not sufficiently prejudicial to warrant a new trial. *State v. Kerley*, 246 N.C. 157, 97 S.E. 2d 876 (1957), and cases cited and referred to therein. Neither has it been shown that defendant suffered substantial prejudice by the admission of the other testimony to which exception was taken. All the exceptions subsumed in defendant's second assignment of error are, therefore, rejected.

**[4]** Defendant next assigns error to the trial judge's denial of his motions for nonsuit, to set aside the verdict, and for a new trial, alleging that the evidence fails to show a conspiracy. We find, on the contrary, that there is plenary evidence of conspiracy to commit larceny — enough, clearly, to withstand defendant's motions. The state must present evidence of each element of the offense charged in order to overcome a motion for nonsuit. *State v. Smith*, 40 N.C. App. 72, 252 S.E. 2d 535 (1979). A criminal conspiracy is defined as "the unlawful conference of two or more persons in a scheme or agreement to do an unlawful act or to do a lawful act in an unlawful way." *State v. Covington*, 290 N.C. 313, 326, 226 S.E. 2d 629, 639 (1976). All evidence admitted is to be considered in the light most favorable to the state and the state is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom. *State v. Powell*, 299 N.C. 95, 261 S.E. 2d 114 (1980).

Evidence adduced by the state indicates that on several occasions the defendant and Foust talked about the procurement of stolen tobacco. Defendant alleges, however, that there is nothing in the record to show that defendant and Foust agreed to steal or commission another to steal the tobacco said to be the object of the conspiracy. Yet, "[t]o constitute a conspiracy it is not

necessary that the parties should have come together and agreed in express terms to unite for a common object; rather, a mutual, implied understanding is sufficient, so far as the combination or conspiracy is concerned, to constitute the offense." *State v. Abernethy,* 295 N.C. 147, 164, 244 S.E. 2d 373, 384 (1978). Therefore, no overt act is necessary to establish a conspiracy. *Id.* The record is replete with evidence of such an implied understanding among defendant, Foust, and Burgess. Foust and Burgess were shown to have discussed the possibility of getting a load of tobacco from defendant. Arrangements for securing the tobacco were made in conversations with defendant. Defendant contacted Foust and Stoddard several times, and Foust and Burgess were shown to be prepared to pick up and pay for the tobacco. Finally, testimony from Agent Massey showed that the tobacco was owned by J. P. Taylor Company and was on consignment to Burton Motor Lines. The evidence was thus sufficient to go to the jury, and the trial court properly refused to allow defendant's motion for nonsuit at the end of state's evidence.

Nor did the court err by refusing to grant defendant's motion to set aside the verdict as contrary to the weight of the evidence. Such a motion is addressed to the discretion of the court, and a refusal to grant the motion is not appealable absent manifest abuse of discretion. *Williams v. Boulerice,* 269 N.C. 499, 153 S.E. 2d 95 (1967). Defendant also contends that the trial court erred by failing to grant his motion for a new trial. We agree with the state that there was no abuse of discretion and that defendant is not entitled to relief on either issue.

[5] Defendant lists a number of other exceptions as part of his third assignment of error. We have already spoken to his rationale in making several of these exceptions and have found no merit in them. His additional exceptions deal with objections to leading questions and unresponsive answers. We find that defendant was not prejudiced by the court's failure to sustain these objections. Defendant also excepts to the admission of a statement of Foust, said to lack proper foundation, allegedly not made in furtherance of the conspiracy. We agree that a declaration of one conspirator, to be admissible against coconspirators, must have been made while the conspiracy was still in progress. However, the declaration of Foust is not the only evidence in the record tending to show the existence of the conspiracy, and we rule,

therefore, that its admission was not sufficiently prejudicial as to require the granting of a new trial.

[6]   In his fourth assignment of error, defendant alleges that the district attorney was allowed to make erroneous, inflammatory, and abusive remarks to the jury, and that the remarks constituted prejudicial error. He also objects to the quotation of biblical verse in the district attorney's closing argument.

"The argument of counsel is left largely to the control and discretion of the presiding judge . . ." *State v. Britt*, 288 N.C. 699, 711, 220 S.E. 2d 283, 291 (1975). Counsel may argue the facts in evidence, reasonable inferences to be drawn from the facts, and the relevant law. *State v. Noell*, 284 N.C. 670, 202 S.E. 2d 750 (1974). We deem the district attorney's argument not immoderate, and because the supposed impropriety of the remark was not extreme or calculated to prejudice the jury in its deliberations, we decline to review the trial court's exercise of discretion.

[7]   Defendant brings forward as grounds for relief the court's failure to charge the jury as to the application of the law to specifics alleged in the bill of indictment. He submits that the jury should have been instructed that a conspiracy to steal the 39,466 pound load of tobacco consigned to Burton Motor Lines must have been consummated. The record indicates, however, that the defendant had the benefit of an instruction that he and at least one other person must have entered an agreement, that the agreement was to commit the crime of larceny, and that the defendant and at least one other person intended at the time of the agreement that the agreement be carried out. Specific reference to the charge in the indictment was made. The indictment itself was quite explicit, charging conspiracy to steal 39,466 pounds of tobacco valued at $57,308.40, the property of J. P. Taylor Company, Inc., on consignment to bailee Burton Motor Lines. There is thus no merit in the argument that the trial court failed to charge the jury on the application of the law to the particular allegations in the indictment.

In his sixth and final assignment, defendant contends that the guilty verdict is without specific reference to the charge and is therefore insufficient to support the judgment. Defendant offers *State v. Ingram*, 271 N.C. 538, 157 S.E. 2d 119 (1967), as support for this proposition. His reliance on *Ingram* is misplaced,

however, as in that case defendant was charged with breaking and entering, but found guilty of larceny. In the case at bar, defendant was charged with felonious conspiracy to commit larceny and found guilty as charged.

For the reasons stated above, in the defendant's trial we find

No error.

Judges ARNOLD and BECTON concur.